IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

UNITED STATES OF AMERICA,
Plaintiff,

v.

STEPHEN MILJUS; EILEEN MILJUS; JOHN MILJUS; STEVEN FAIR; THE ORGANIC ASSEMBLY OF JAH; THE ORGANIC ASSEMBLY OF THE REMNANT IN YAHSHUA
Defendants.

CV. 06-1832-PK

FINDINGS AND RECOMMENDATION

PAPAK, Magistrate Judge:

The United States filed this action to foreclose federal tax liens on a property in December 2006 against the defendants Stephen Miljus ("Stephen"), Eileen Miljus ("Eileen"), John Miljus ("John"), The Organic Assembly of the Remnant in Yahshua ("Yahshua"), and The Organic Assembly in Jah ("Jah"). In April 2007, the United States added Steven Fair ("Fair") as

a defendant.

Fair subsequently filed a counterclaim against the United States. He requests that the court quiet title to 12055 SE Lusted Road ("12055 SE Lusted") by declaring that he holds title to 12055 SE Lusted and by removing an IRS lien that encumbers the property. He has joined several state law claims against Stephen, Eileen, and John. Although Fair's pleading is not a model of clarity, his state law claims appear to include conversion, fraud, and breach of contract.

Now before the court is Eileen and John's Precautionary Motion to Stay Further Proceedings Pending Outcome of Bankruptcy Case [#32-1] and Extend Answer and Response Period [#32-2]. The Motion requests that the court stay all proceedings against Eileen and John until the resolution of Stephen's bankruptcy case. The United States concedes that its claims against Eileen and John are stayed by 11 U.S.C. § 362(a). Fair, however, objects to the Motion because Eileen and John's counsel failed to confer with Fair before filing the Motion. In addition, Fair resists the Motion on its merits.

For the following reasons, the court recommends granting Eileen and John's Motion [#32-1]. Because Eileen and John request that the court consider their Motion to Extend Answer and Response Period [#32-2] only if the court denies a stay, the court does not reach the request.

**FACTS**

Stephen, Eileen, John, and Fair all reside in Clackamas County, Oregon. Specifically, Stephen and Eileen reside at 11985 SE Lusted Road ("11985 SE Lusted"). Fair resides nearby at 12055 SE Lusted, which was a part of 11985 SE Lusted before Clackamas County approved the separation of the two lots. Currently, 12055 SE Lusted is fenced with stone markers, and it features a gravel driveway, fowl pens, a two story structure, a partially constructed horse barn,

and a septic system.

Fair's counterclaim relates to an IRS tax lien which encumbers 12055 SE Lusted. The IRS attached the lien in October 1997 against John for Stephen's failure to pay his taxes, and John allegedly held the property as Stephen's nominee. The scope of the lien was identified as the "real property bearing the street address of 11985 SE Lusted Rd., Sandy Oregon." At the time of the lien's creation, 12055 SE Lusted was still a part of 11985 SE Lusted. The IRS lien was set to expire on January 10, 2007 unless the lien was renewed on or before January 9, 2007. Fair alleges that the I.R.S. failed to renew the lien in a timely fashion. However, two records from the Clackamas County Recording Department, 2007-011596 and 2007-011597, document that the IRS renewed the notice of lien on January 3, 2007.

After the IRS established the lien in October of 1997, Clackamas County approved the separation of 12055 SE Lusted from 11985 SE Lusted on December 4, 1998. On December 15, 1998, Fair alleges that he purchased the title to 12055 SE Lusted from John, who acted in his role as the Presiding Patriarch of Jah.[1] Fair and John completed their transaction with a non-statutory deed. Fair's first state law cross-claim of fraud arises out of this transaction. Fair complains that the non-statutory deed originally conveyed the "land and water" of 12055 SE Lusted. Noting that the text of the deed on file with Clackamas County only states "land," Fair explains that Eileen altered the second page of the non-statutory deed by replacing "land and water" with "land."

In addition to Fair's cross-claim of fraud, Fair alleges two additional state law cross-

---

[1] Fair, however, appears to suggest that he negotiated and agreed to the sale with Stephen.

claims: breach of contract and conversion. Fair alleges that he contracted with Eileen for the Westside Water Company ("Westside") to supply 12055 SE Lusted with water. Westside apparently ceased providing water to 12055 SE Lusted after Fair and Eileen had a dispute. Fair also appears to allege a cause of action in conversion. He alleges that Stephen, Eileen, and John ("Miljuses") use water from Kotzman Creek. Fair asserts that he owns a water right to Kotzman Creek dating to 1946, and that he has not granted permission for Stephen, Eileen, and John to use Kotzman Creek's water. Fair also claims that Eileen and John refuse to allow him to use his "usual and accustomed easement across 11985" SE Lusted.

Stephen commenced a case under chapter 7 of the United States Bankruptcy Code on June 4, 2007, and Eileen and John filed the present Motion on June 12, 2007. Eileen and John's counsel certified that she had not contacted Fair, and has submitted a response to Fair's Local Rule 7.1(a) objection to the Motion. She states that Fair has admitted to her that even if she had conferred with him about the Motion, he nevertheless would have resisted the Motion. Now the court must consider the applicability of the Bankruptcy Code's automatic stay provision to Fair's claims against the Miljuses.

**JURISDICTION**

28 U.S.C. § 2410 grants a district court jurisdiction over Fair's counterclaim against the United States, and 28 U.S.C. § 1367 extends jurisdiction to Fair's state law claims against the Miljuses. A district court "has jurisdiction to decide whether an automatic stay under 11 U.S.C. § 362(a) applies to a proceeding pending before it . . . ." *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1107 (9th Cir. 2005). If the automatic stay applies to a claim, however, a district court may not hear any "issues presented by or related to the underlying [bankruptcy] case" until the

bankruptcy court grants relief from the automatic stay. *Dean v. Trans World Airlines, Inc.*, 72 F.3d 754, 756-57 (9th Cir. 1995); *accord Hillis Motors, Inc. v. Hawaii Auto. Dealers' Ass'n* , 997 F.2d 581, 586 (9th Cir. 1993) ("Where through an action an individual or entity would exercise control over property of the estate, that party must obtain advance relief from the automatic stay from the bankruptcy court."), *citing Carroll v. Tri-Growth Centre City, Ltd*, 903 F.2d 1266, 1270-71 (9th Cir.1990); *In re LMP Corp.*, 300 F.3d 1134, 1137 (9th Cir. 2002) ("By virtue of § 362(a)(3), [the creditor] was required to obtain the bankruptcy court's explicit lifting of the stay before it could commence collection proceedings."); *see Barona Group of Capitan Grande Band of Mission Indians v. Am. Mgmt. & Amusement, Inc.*, 840 F.2d 1394, 1399 (9th Cir. 1987) (emphasizing that the district court had jurisdiction to grant summary judgment because the district court granted summary judgment *"after* the bankruptcy court . . . [granted] partial relief from the automatic stay.").

**LEGAL STANDARDS**

**I. Local Rule 7.1(a)**

Before a movant files a motion with the court, L.R. 7.1(a) requires that the movant certify that "the parties made a good faith effort . . . to resolve the dispute and have failed to do so." The remedy for a violation of L.R. 7.1(a) is dismissal, and the remedy's dispensation lies within the district court's discretion. *See* L.R. 7.1(a) ("The court *may* deny any motion that fails to meet this certification requirement.") (emphasis supplied); *Taylor v. West Oregon Elec. Co-op, Inc.*, 2005 WL 2709540, *3 (D. Or.) (refusing to deny a motion where the movant failed to confer); *Bracey v. U.S.*, 2000 WL 137091, *2 (D. Or) ("[S]trict application of L.R. 7.1(a) would be neither economical nor beneficial."). A court should consider whether the failure to confer has

prejudiced the non-movant and whether the conference would have been futile. *See Beck v. Howard*, 2005 WL 2030839, *1 (D. Or.) (reducing attorney fees to alleviate prejudice due to non-compliance with L.R. 7.1(a); *Taylor*, 2005 WL 2709540 at *3 (refusing to deny a motion when a L.R. 7.1(a) conference would have been futile).

## II. Automatic Stay Under 11 U.S.C. § 362(a)

Upon the filing of a bankruptcy petition, 11 U.S.C. § 362 automatically stays "the commencement or continuation of any judicial . . . proceeding against the debtor," "any act to obtain possession of property of the [bankruptcy] estate," and any "act to create, perfect, or enforce [a] lien against the property of the debtor." 11 U.S.C. § 362(a); *see also In re Pettit*, 217 F.3d 1072, 1077 (9th Cir. 2000), *citing Minoco Group of Cos. v. First State Underwriters Agency of New Eng. Reins. Corp.*, 799 F.2d 517, 520 (9th Cir. 1986). The automatic stay shields the debtor as soon as he commences a bankruptcy case, and it applies to all legal or equitable interests of the debtor in the property of the bankruptcy estate . *Id.* at 1077, *citing* 11 U.S.C. § 541. "Since the Bankruptcy Code . . . does not determine the existence and scope of a debtor's interest in property, these threshold issues are properly resolved by reference to state law." *In re Harrell*, 73 F.3d 218, 219 (9th Cir. 1996) (citations omitted).

## III. *Landis* Stay

Each district court enjoys "discretionary power to stay proceedings in its own court . . . ." *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1109 (9th Cir. 2005), *citing Landis v. North American Co.*, 299 U.S. 248, 254 (1936); *see also Mediterranean Enterprises, Inc. v. Ssangyong Corp.*, 708 F.2d 1458, 1465 (9th Cir. 1983). Specifically, "a trial court may . . . find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending

resolution of independent proceedings which bear upon the case. This rule . . . does not require that the issues in such proceedings are necessarily controlling of the action before the court." *Lockyer*, 398 F.3d at 1111, *citing Leyva v. Certified Grocers of California, Ltd.*, 593 F.2d at 857, 863-64 (9th Cir. 1979). The court's discretion to grant a *Landis* stay is not unfettered; the court "abuses its discretion if it bases its ruling on an erroneous view of the law or on a clearly erroneous assessment of the evidence." *Lockyer*, 398 F.3d at 1105, *quoting Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 405 (1990) (internal quotations and modifactions omitted). When issuing a *Landis* stay, a district court should weigh three competing interests:

> the possible damage which may result from the granting of a stay, the hardship or inequity which a party may suffer in being required to go forward, and the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay.

*Lockyer*, 398 F.3d at 1110, *citing CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962). Although the first two interests are enumerated distinctly, they can be viewed jointly as "the balance of hardships between the parties." *Id.* at 1112.

**ANALYSIS**

Eileen and John's Motion presents three questions for the court to consider: (1) whether the Motion should be dismissed because Eileen and John's counsel violated L.R. 7.1(a) when counsel failed to confer with Fair before filing the Motion; (2) whether Fair's counterclaim against the United States is automatically stayed by 11 U.S.C. § 362(a); and (3) whether Fair's state law cross-claims against the Miljuses are stayed pending the outcome of the Stephen's bankruptcy proceeding, either by the 11 U.S.C. § 362(a) or by *Landis.*

For all of the following reasons, this court recommends finding that the Motion should

not be dismissed; that Fair's counterclaim is automatically stayed by 11 U.S.C. § 362(a); that Fair's cross claims of conversion and fraud are automatically stayed by 11 U.S.C. § 362(a); and that Fair's cross claim of breach of contract is properly stayed under *Landis*.

## I. L.R. 7.1(a)–Failure to Confer Before Filing the Motion

Fair objects to Eileen and John's Motion on the ground that Eileen and John's counsel failed to confer with him before filing the Motion. Fair, however, fails to articulate how counsel's failure has prejudiced him. He recites that he spent several hours attempting to contact Eileen and John's counsel and writing motions to the court. Moreover, Fair concedes that he would have resisted the Motion even if counsel had conferred with him. A conference, therefore, would have been futile. Dismissal is unwarranted under these circumstances, and the court therefore recommends denying Fair's request.

## II. Fair's Counterclaim Against the United States–An Action to Quiet Title

Fair advances two arguments in support of his counterclaim against the United States. First, Fair argues that he, and not Stephen, owns 12055 SE Lusted. Although Fair's complaint is difficult to parse, Fair reasons that the IRS may not maintain a lien on 12055 SE Lusted to collect on Stephen's unpaid taxes because 12055 SE Lusted belongs to Fair. Second, Fair argues that even if the IRS may maintain the lien, the lien is nevertheless inappropriate because the lien on 11985 SE Lusted will generate sufficient proceeds from 11985 SE Lusted's liquidation to pay Stephen's taxes. In the United States' view, Stephen owns 12055 SE Lusted because the property's subsequent deed holders, including Fair, have held 12055 SE Lusted as Stephen's nominees. In the alternative, the United States contends that Fair's alleged ownership of 12055 SE Lusted is invalid because his ownership arose from a series of fraudulent conveyances. For

the following reasons, the court recommends that Fair's action to quiet title is automatically stayed by 11 U.S.C. § 362(a)(3).

As noted above, 11 U.S.C. § 362(a)(3) automatically stays "any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate." Under Oregon law, land and buildings constitute property. *See, e.g.*, *Wetherell v. Douglas*, 342 Or. 666, 682 (2007) (referring to land as property); *Bunnell v. Dalton Const., Inc.*, 210 Or. App. 138, 142 (2006) (referring to building damage as property damage). In addition, the grounds that Fair uses to support his counterclaim are issues presented by or related to the bankruptcy case: Fair's first ground requires the court to define the property that the bankruptcy estate includes,[2] and Fair's second ground requires the court (1) to evaluate the worth of 11985 SE Lusted, an asset of the bankruptcy estate, and (2) to predict the fraction of 11985 SE Lusted's value that the United States will receive if the bankruptcy court orders the liquidation of 11985 SE Lusted. A counterclaim based on these arguments necessarily must be stayed automatically pursuant to 11 U.S.C. § 362(a).

This court recommends a finding that Fair's counterclaim against the United States is automatically stayed by 11 U.S.C. § 362(a)(3).

## III. Fair's State Law Claims Against Stephen, Eileen, and John

Having stayed Fair's claims over which this court has original jurisdiction, this court

---

[2] Fair further argues that the IRS failed to comply with the renewal deadline for its lien, and that the failure justifies the lien's removal. Even if Fair's pleading articulates facts from which a reasonable juror could find in Fair's favor, Fair's standing to file this complaint depends on whether he possessed title to 12055 SE. The adjudication of Fair's argument would once again require the court to define the scope of the bankruptcy estate, a requirement impermissible under 11 U.S.C. § 362(a).

recommends retaining supplemental jurisdiction over Fair's remaining state law claims of fraud, conversion, and breach of contract. However, the court further recommends finding that 11 U.S.C. § 362(a) automatically stays Fair's fraud and conversion claims, and that Fair's breach of contract claim is appropriately subject to a *Landis* stay.

**A. Supplemental Jurisdiction**

A district court may decline to exercise supplemental jurisdiction over a state law claim after the district court properly stays all federal claims. *See Cingular Wireless, LLC v. Thurston*, 150 Fed. Appx. 663, 636 (9th Cir. 2006). The decision to decline the exercise of supplemental jurisdiction lies within a district court's discretion. *See id.*, *citing Bryant v. Adventist Health Sys.*, 289 F.3d 1162, 1165 (9th Cir.2002). A district court should balance "the values of judicial economy, convenience, fairness, and comity in order to decide whether to exercise jurisdiction over a case brought in that court involving pendent state-law claims." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 349-50 (1988).

Although this court recognizes that Fair's state law claims are in their earliest stages, dismissal would relegate prosecution of Fair's claims to a state court proceeding encumbered by a concurrent federal bankruptcy court proceeding. In order to avoid the segregation of Fair's claims into two fora, the court recommends retaining supplemental jurisdiction. Nevertheless, the court recommends that Fair's claims be stayed pending the outcome of the bankruptcy case. Each of Fair's state law claims is examined in turn.

**B. Conversion of Property**

Fair claims that the Miljuses use Kotzman Creek's water, for which Fair claims a 1946 water right. Closely related to Fair's claim of conversion is Fair's claim that the Miljuses deny

him access to Kotzman Creek by refusing to honor an easement which Fair allegedly owns and which runs across 11985 SE Lusted. These claims, however, are automatically stayed by 11 U.S.C. § 362(a). They require the court to determine whether Kotzman Creek's water belongs to the bankruptcy estate and whether an easement burdens 11985 SE Lusted, property of the bankruptcy estate. Consequently, this court recommends that Fair's conversion of property claim be stayed.

**C. Fraud**

Fair claims that Eileen altered the non-statutory deed with which Fair allegedly purchased 12055 SE Lusted from John. On its face, Fair's fraud claim requires the court to determine what property rights, if any, were transferred to Fair by John. In light of the IRS's arguments that John held, and that Fair holds, 12055 SE Lusted as a nominee for Stephen, and that 12055 SE Lusted was transferred from Stephen to Fair by a series of fraudulent transactions, the disposition of Fair's fraud claim requires the court to determine the properties that the bankruptcy estate encapsulates. Accordingly, the fraud claim is automatically stayed pursuant to 11 U.S.C. § 362(a).

**D. Breach of Contract**

Fair claims that Eileen breached her contract to provide Fair water through Eileen's company, Westside. Although lack of water is a hardship, the hardship does not necessitate an immediate resolution to Fair's claim because Fair has managed to reside at and irrigate 12055 SE Lusted for the three years before he filed his breach of contract cross-claim.[3] Nor does any

---

[3] If Fair finds that the immediate resolution of his breach of contract claim is vital, Federal Rule of Civil Procedure 41(a)(1) allows Fair to request a voluntary dismissal without

evidence indicate that damages cannot fully compensate Fair in the event of further delay. Moreover, the independent prosecution of Fair's breach of contract claim would likely impose a greater cost on the parties and on the public than the simultaneous prosecution of all of Fair's claims at a later date. This court therefore concludes that the *Landis* factors balance in favor of imposing a stay. On that basis, this court recommends that Fair's breach of contract claim be stayed.

**CONCLUSION**

For the foregoing reasons, the court recommends granting John and Eileen's Motion to Stay Further Proceedings Pending Outcome of Bankruptcy Case [#32-1]. The court does not reach John and Eileen's Motion to Extend Answer and Response Period [#32-2].

**SCHEDULING ORDER**

The above Findings and Recommendation will be referred to a United States District Judge for review. Objections, if any, are due August 10, 2007. If no objections are filed, review of the Findings and Recommendation will go under advisement on that date. If objections are filed, a response to the objections is due fourteen days after the date the objections are filed and the review of the Findings and Recommendation will go under advisement on that date.

Dated this 27th day of July, 2007.

/s Paul Papak
Honorable Paul Papak
United States Magistrate Judge

---

prejudice.