IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

UNITED STATES OF AMERICA,
        Plaintiff,

                                CV. 06-1832-PK

                                FINDINGS AND
v.                              RECOMMENDATION

STEPHEN GEORGE MILJUS; EILEEN
JANE MILJUS; JOHN BRUNKO MILJUS;
THE ORGANIC ASSEMBLY OF
THE REMNANT IN YAHSHUA; THE
ORGANIC ASSEMBLY OF JAH;
STEVEN GEORGE FAIR;

        Defendants.
_____

PAPAK, Magistrate Judge:

      The United States filed this action to foreclose federal tax liens on a property in December 2006 against defendants Stephen George Miljus ("Stephen"), Eileen Jane Miljus ("Eileen"), John Brunko Miljus ("John"), The Organic Assembly of the Remnant in Yahshua (the "Assembly in Yahshua"), and The Organic Assembly in Jah (the "Assembly in Jah"). In April

Page 1 - FINDINGS AND RECOMMENDATION

2007, the United States added Steven George Fair ("Fair") as a defendant. Fair subsequently filed cross-claims against Stephen, Eileen, and the Assembly in Jah, and counterclaims against the United States. This court has jurisdiction over this action pursuant to 26 U.S.C. § 7402 and 28 U.S.C. §§ 1340, 1345.

On June 4, 2007, Stephen filed an action for bankruptcy before the United States Bankruptcy Court for the District of Oregon. Subsequently, on June 12, 2007, Stephen, Eileen, and John filed an amended notice of bankruptcy with this court, and requested stay of these proceedings. On June 27, 2007, this court issued a Findings and Recommendation (#44) recommending that these proceedings be stayed pending the outcome of proceedings before the bankruptcy court. On August 15, 2007, Judge Haggerty issued an Opinion and Order (#46) adopting this court's recommendation and staying these proceedings.

Now before the court are (i) Fair's motion (#43) requesting, under Federal Appellate Procedure Rule 12, that this court clarify certain aspects of the parties' procedural status and (ii) the United States' motion (#49) requesting that the stay of these proceedings be lifted. This court has considered the parties' motions and all of the pleadings on file. For the reasons set forth below, this court recommends that Fair's motion (#43) be denied and that the United States' motion (#49) be granted.

**I.     Fair's Motion**

Fair's motion (#43), titled as a "Motion Under FRAP Rule 12 - Moving The Court To Make More Defiant [*sic*] And Certain Venue, Scope, Plane, Capacity, Time, Space, Jurisdiction," is apparently premised on the now all but archaic distinction between allodial and feudal property ownership. Fair appears to take the position that, by entering into a contractual

arrangement with Stephen, Eileen, and John, he established the property upon which he now resides as an allodium of which he is, in some sense, the sovereign. Specifically, Fair moves the court as follows:

> 10. . . .to make more certain and definite the distinction(s) between the venue claimed by Steven George Fair, and the venue claimed by defendants, defendants' attorney, and Mr. Pitman, which includes the distinction between the Unalienable Rights, Privileges and Immunities under Article IV of said Constitution of the Sovereign, and the legislative grant of illegitimate corporate enfranchisee nature in a legislative privilege and immunity to have something 'like' being an Allodialist 'the Posterity' 'We the People as a term of art for Private Individual Steven George Fair'.
>
> 11.) . . .to take fiduciary duty to prevent insurrection, and or treasonous design, as defined by Mr. Madison herein, in defendant attorney's admission of mental incompetence to comprehend the distinction between the venue claimed by Steven George Fair in affirmative defense, and the silent judicial notices under Roman Civil Law now claimed by defendant(s) MILJUS to avoid contract debt in Lawful Bill of Sale.
>
> 12.) . . .that the court with specificity and particularity delineate the debts, obligations, responsibilities, privileges and immunities of a Citizen secured by Article IV of the Federal Constitution as framed in A.D. 1787, and[] the corporate enfranchisee in fee under the alleged 14th voluntary political amendment, and the illegitimate acts of Congress in what is known as *The Reconstruction Acts of 1867*.

Allodial title creates absolute ownership in the title holder, free and clear of any lien, mortgage, rent, service, property tax obligation, or other encumbrance. Allodial title, unlike interests in land derived from feudal tenury (such as ownership in fee simple or other interests recognized within modern American jurisprudence), is not subject to involuntary alienation: allodial land is not subject to eminent domain, and may not be taken by a government or government agency for nonpayment of property tax. For this reason, allodial rights are sometimes claimed by tax or zoning protesters. It does not appear, however, that any American state or federal court has ever acknowledged allodial ownership of any property other than by the

Page 3 - FINDINGS AND RECOMMENDATION

United States itself.  *See*, *e.g.*, *Britt v. Federal Land Bank Asso.*, 153 Ill. App. 3d 605 (1987) (summary dismissal of theory that individual property owners could hold land allodially; monetary sanctions awarded against proponents of the theory; statement in *dicta* that proponents' attorney hindered the judicial process and grossly wasted judicial resources by advocating proponents' theory).

This court is not able to identify with confidence the procedural mechanism on which Fair intends to rely in bringing his motion.  Federal Appellate Procedure Rule 12 – the mechanism cited by Fair – is clearly inapposite; moreover, a motion to make more definite and certain is generally directed at an opposing party's pleading.  Here, by contrast, Fair appears to request that this court issue a declaratory ruling as to the parties' rights, duties, and obligations in connection with the allodium/sovereignty claimed by Fair.  This court will therefore construe Fair's motion as a claim seeking declaratory judgment and as a request for summary adjudication of that claim.

The Declaratory Judgment Act states that, "In a case of actual controversy within its jurisdiction . . . , any court of the United States . . . may declare the rights and other legal relations of any interested party seeking such declaration."  28 U.S.C. § 2201(a).  The decisions of the Ninth Circuit make clear that the "actual controversy" determination is identical to the traditional test of judicial ripeness, *see Principal Life Ins. Co. v. Robinson*, 394 F.3d 665, 669 (9th Cir. 2005), namely, whether "there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment," *Maryland Cas. Co. v. Pacific Coal & Oil Co.*, 312 U.S. 270, 273 (1941).

Here, Fair's asserted interest in encumbrance-free enjoyment of the property on which he

resides is clearly adverse to the interests of the plaintiff and of the cross-defendants, who assert various interests of their own in the property in question. That the controversy over Fair's interest in the land is substantial, immediate, and real is clear from the United States' First Amended Complaint which seeks, among other things, "to foreclose federal tax liens against the property" at issue here, "to establish that [Fair] hold[s the] property as [a] nominee[] of Stephen Miljus, "to establish the fraudulent transfer of properties by Stephen Miljus [Fair] and to set aside such fraudulent conveyance[]", and "to sell the property and distribute the proceeds from such sale in accordance with the Court's findings as to the validity and priority of the liens and claims of all parties." Moreover, the Ninth Circuit has held that "[p]ure legal questions that require little factual development are more likely to be ripe" than questions contingent on developed facts. *San Diego County Gun Rights Comm. v. Reno*, 98 F.3d 1121, 1132 (9th Cir. 1996). Here, the scope and effect of the claimed allodium is a pure question of law that needs little factual development. The "actual controversy" requirement is clearly met by the instant dispute.

Ninth Circuit declaratory judgment jurisprudence further clarifies that the district courts should only exercise their jurisdiction to issue declaratory judgment where appropriate under the factors set out in *Brillhart v. Excess Ins. Co.*, 316 U.S. 491 (1942). *See Principal Life*, 394 F.3d at 669. The *Brillhart* factors include the following considerations: that "the district court should avoid needless determination of state law issues; . . . should discourage litigants from filing declaratory actions as a means of forum shopping; and . . . should avoid duplicative litigation." *Gov't Employees Ins. Co. v. Dizol*, 133 F.3d 1220, 1225 (9th Cir. 1998) (*en banc*), *citing Continental Casualty Co. v. Robsac Indus.*, 947 F.2d 1367, 1371-1373 (9th Cir. 1991). The

*Dizol* court further noted the following potentially relevant considerations:

> whether the declaratory action will settle all aspects of the controversy; whether the declaratory action will serve a useful purpose in clarifying the legal relations at issue; whether the declaratory action is being sought merely for the purposes of procedural fencing or to obtain a 'res judicata' advantage; or whether the use of a declaratory action will result in entanglement between the federal and state court systems. In addition, the district court might also consider the convenience of the parties, and the availability and relative convenience of other remedies.

*Dizol*, 133 F.3d at 1225, n.5, *quoting American States Ins. Co. v. Kearns*, 15 F.3d 142, 145 (9th Cir. 1994) (Garth, concurring).

Here, Fair is a defendant and cross claimant, and therefore the forum shopping and duplicative litigation considerations are not at issue. A ruling on declaratory judgment in Fair's favor would likely settle all or almost all of the issues at stake in this action, and declaratory judgment is not likely to inconvenience any of the parties. It is therefore appropriate under *Brillhart* and *Dizol* for this court to consider Fair's imputed request for a declaratory ruling.

The property at issue here is located within Clackamas County, Oregon. It is therefore this court's task to determine whether Oregon's Supreme Court would recognize Fair's claim to have created an allodial tenure by entering into contract with Stephen, Eileen, and John. *See Takahashi v. Loomis Armored Car Service*, 625 F.2d 314, 316 (9th Cir. 1980).

Neither the federal nor the Oregon Constitution establishes any right to allodial ownership of land. No Oregon case recognizes that property owners other than the United States may hold allodial title to land. *See Phipps v. Stancliff*, 110 Or. 299, 345 (1924) (only government holds allodial tenure to land); *In re Hood River*, 114 Or. 112, 252 (1924) (same). Because there is no suggestion in the decisions of the Oregon courts – or of the courts of any other American jurisdiction – that allodial rights such as those Fair espouses would be

Page 6 - FINDINGS AND RECOMMENDATION

acknowledged or respected, this court finds that Oregon law would not recognize Fair's claim of allodium. Because Fair's claimed allodial ownership would not be recognized, as a matter of law Fair is not entitled to the declaratory ruling he appears to request.

For the foregoing reasons, this court recommends that Fair's motion (#43) be denied in its entirety.

## II. The United States' Motion to Lift Stay

As noted above, on August 15, 2007, Judge Haggerty issued an Opinion and Order (#46) adopting this court's recommendation to stay these proceedings pending resolution of related proceedings in the bankruptcy court. Subsequently, on August 28, 2007, the bankruptcy court abated its own proceedings pending the outcome of this action, expressly stating that the bankruptcy proceedings would not operate to stay this action. In light of the bankruptcy court's decision to abate its own proceedings, the reasons cited in this court's Findings and Recommendation of June 27, 2007 (#44), for imposing a stay are no longer applicable. *See*, *e.g.*, 11 U.S.C. § 362; *Landis v. North American Co.*, 299 U.S. 248, 254 (1936). This court therefore recommends that the United States' motion (#49) be granted, and that the stay of these proceedings be lifted.

## CONCLUSION

For the foregoing reasons, the court recommends denial of Fair's motion (#43) seeking clarification of the parties' procedural status, and grant of the United States' motion (#49) requesting that the stay of these proceedings be lifted.

## SCHEDULING ORDER

The above Findings and Recommendation will be referred to a United States District

Judge for review. Objections, if any, are due October 31, 2007. If no objections are filed, review of the Findings and Recommendation will go under advisement on that date. If objections are filed, a response to the objections is due fourteen days after the date the objections are filed and the review of the Findings and Recommendation will go under advisement on that date.

Dated this 17th day of October, 2007.

   /s/ Paul Papak
Honorable Paul Papak
United States Magistrate Judge