IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

UNITED STATES OF AMERICA,
        Plaintiff,

                                        CV. 06-1832-PK

                                        OPINION AND
v.                                      ORDER

STEPHEN GEORGE MILJUS; EILEEN
JANE MILJUS; JOHN BRUNKO MILJUS;
THE ORGANIC ASSEMBLY OF
THE REMNANT IN YAHSHUA; THE
ORGANIC ASSEMBLY OF JAH;
STEVEN GEORGE FAIR;

        Defendants.

---

HAGGERTY, Chief Judge:

      The United States filed this action in December 2006 against defendants Stephen George Miljus ("Stephen"), Eileen Jane Miljus ("Eileen"), John Brunko Miljus ("John"), The Organic Assembly of the Remnant in Yahshua (the "Assembly in Yahshua"), and The Organic Assembly

Page 1 - OPINION AND ORDER

in Jah (the "Assembly in Jah"), seeking to foreclose federal tax liens on real property allegedly owned by Stephen (the "Miljus property"). In April 2007, the United States added Steven George Fair ("Fair") as a defendant. Fair subsequently filed what this court construes as cross-claims against Stephen, Eileen, and the Assembly in Jah, and as a counterclaim against the United States. In his cross-claims and counterclaim, Fair seeks to establish clear title to a portion of the Miljus property as against any claims of the other parties. This court has jurisdiction over the action pursuant to 26 U.S.C. § 7402 and 28 U.S.C. §§ 1340, 1345, and 1367.

Now before the court is Fair's motion (#62), requesting a preliminary injunction to enjoin Stephen, Eileen, and John from directing electric light toward and onto his residence during night-time hours. For the reasons set forth below, Fair's motion is denied.

Federal Civil Procedure Rule 65 provides that the district courts may, under appropriate circumstances, issue injunctive relief. However, it is well established that "Rule 65 concerns [only] the procedure for issuing a preliminary injunction. The . . . jurisdictional authority for use of this procedure must be sought elsewhere." *FTC v. H. N. Singer, Inc.*, 668 F.2d 1107, 1109 (9th Cir. 1982). Moreover, the federal courts are courts of limited jurisdiction: federal courts are presumptively without jurisdiction over civil actions, and the burden of establishing the contrary rests upon the party asserting jurisdiction. *See, e.g., Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).

Here, as noted above, this court's subject-matter jurisdiction over this action derives from 26 U.S.C. § 7402 and from 28 U.S.C. §§ 1340, 1345, and 1367. Section 7402 confers jurisdiction in the district courts "to make and issue in civil actions, writs and orders of injunction, and of *ne exeat republica*, orders appointing receivers, and such other orders and

Page 2 - OPINION AND ORDER

processes, and to render such judgments and decrees as may be necessary or appropriate for the enforcement of the internal revenue laws" at the request of the United States only. 26 U.S.C. § 7402(a). Section 7402 further confers jurisdiction "of any action brought by the United States to quiet title to property if the title claimed by the United States to such property was derived from enforcement of a lien. . . ." 26 U.S.C. § 7402(e). Section 7402 does not, however, confer jurisdiction over nuisance actions brought by individual claimants.

In similar vein, Section 1340 provides that "[t]he district courts shall have original jurisdiction of any civil action arising under any Act of Congress providing for internal revenue. . . ." 28 U.S.C. § 1340. Section 1345 provides that "the district courts shall have original jurisdiction of all civil actions, suits or proceedings commenced by the United States. . . ." 28 U.S.C. § 1345. Like Section 7402, Sections 1340 and 1345 do not confer jurisdiction over private civil nuisance actions.

Finally, Section 1367 provides that "the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). It is Section 1367 that permits this court to exercise supplemental jurisdiction over Fair's claims in which he seeks to quiet title over the portion of the Miljus property on which he resides; because he seeks clear title over a portion of the property that is the subject of the United States' foreclosure action, his cross-claims and counterclaim necessarily form part of the same case or controversy as the United States' claims.

By contrast, this court is without jurisdictional authority to grant the relief requested in Fair's motion for preliminary injunction. No federal question is at issue, nor is there any

indication that the complained of nuisance and the foreclosure action " are so related . . . that they form part of the same case or controversy." Because this court lacks subject-matter jurisdiction over Fair's request for injunctive relief, his motion must be denied.

## CONCLUSION

For the foregoing reasons, Fair's motion (#62), requesting injunctive relief to enjoin Stephen, Eileen, and John from directing electric light toward and onto his residence, is DENIED.

IT IS SO ORDERED.

Dated this 25th day of October, 2007.

ANCER L. HAGGERTY
United States District Judge