UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

UNITED STATES OF AMERICA,

    Petitioner,

v().

STEPHEN GEORGE MILJUS; EILEEN
JANE MILJUS; ORGANIC ASSEMBLY OF
THE REMNANT IN YASHUA; ORGANIC
ASSEMBLY IN JAH; STEVEN GEORGE
FAIR,

    Defendants;

STEVEN GEORGE FAIR,

    Cross-Claimant,

v.

STEPHEN GEORGE MILJUS; EILEEN
JANE MILJUS; ORGANIC ASSEMBLY IN
JAH; UNITED STATES INTERNAL
REVENUE SERVICE,

    Cross-Defendants.

ORDER

Civil No. 06-1832-PK

HAGGERTY, Chief Judge:

    Magistrate Judge Papak referred to this court a Findings and Recommendation [61] in this

matter. The Findings and Recommendation recommends denying defendant Fair's Motion for Clarification [43] and granting plaintiff's Motion to Lift Stay [49]. Defendant Fair timely filed objections; plaintiff did not respond to those objections. Also before this court are a number of other motions related to this court's order [46] adopting a prior Findings and Recommendation.

I.     **BACKGROUND**

This civil tax action involves attempts to foreclose liens on real property in which defendant Fair claims some ownership stake. On August 15, 2007, this court entered an order [46] adopting a Findings and Recommendation [44] ("August F&R") and staying the case pending bankruptcy proceedings. On August 22, 2007, Fair filed a motion captioned "Motion under FRAP Rule 12 - Moving the Court to Make More Defiant [sic] and Certain Papak, Magistrate Judge Findings and Recommendation" [47], and five days later filed a Motion for the Court to Reconsider Order [48]. In his motion for reconsideration, Fair claims that he "did not see the [August F&R] until August 17, 2007," and that he "did not see" this court's order adopting the August F&R until after filing his initial motion in response to the August F&R. Fair filed another motion for reconsideration [58] on September 20, 2007.

Subsequent developments led the bankruptcy court to abate its proceedings pending the outcome of this action. Thus, the government moved to lift the stay and move forward with the forfeiture. On October 17, 2007, Judge Papak issued a Findings and Recommendation [61] ("October F&R") recommending that the stay be lifted. The October F&R also recommended that the court deny Fair's "Motion under FRAP 12 - Moving the Court to Make More Defiant [sic] and Certain Venue, Scope, Plane, Capacity, Time, Space, Jurisdiction" [43], which Judge Papak construed as a motion for declaratory relief.

## II.     OBJECTIONS TO FINDINGS AND RECOMMENDATION

When a party objects to any portion of a Findings and Recommendation, the district court must conduct a de novo review. 28 U.S.C. § 636(b)(1)(B); *McDonnell Douglas Corp. v. Commodore Bus. Mach. Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981). Here, the objections are more readily characterized as a manifesto on allodial rights to land under Fair's understanding of the evolution of American real property law. As he did before Judge Papak, Fair again appears to seek a declaration from this court as to the legal viability of the allodium he claims in the real property at issue. The court has performed a de novo review, evaluated the Findings and Recommendation, the objections, and the entire record. After this review, the court agrees with Judge Papak's analysis of allodial rights and adopts the Findings and Recommendation.

## III.    MOTIONS FOR RECONSIDERATION

The court construes Fair's three late-filed objections to the August F&R as a motion for reconsideration of the order adopting the August F&R. Fair again delivers a paean to a peculiar interpretation of land rights for individual sovereigns stretching back to the "shot heard round the world," fired at Concord Bridge in 1775 by American militiamen. *See* Ralph Waldo Emerson, *Concord Hymn*, in *The American Reader: Words that Moved a Nation* (Diane Ravitch, ed., Harper Collins 2000) (1837). Fair's arguments, particularly on the topic of his purported allodial rights to land have no traction here. Judge Papak correctly explained in the October F&R that the concept of allodial title to land "free and clear of any lien, mortgage, rent, service, property tax obligation, or other encumbrance" is an archaic concept not recognized in modern United States law. October F&R at 2-4.

Fair also raises a number of disagreements with the facts set forth in the "Facts" section of

the August F&R. He disputes portions of that section that discuss the specific status and history of the properties at 11985 S.E. Lusted Road and 12055 S.E. Lusted Road in Clackamas, Oregon. The facts set forth in the August F&R have no particular relevance to the determination of the motion to stay that was at issue there, other than to frame the dispute. Further, with this court's adoption of the October F&R, the legal effect of the August F&R has essentially been nullified by subsequent judicial action. Because the facts recited in the August F&R are in dispute and potentially material to the determination of the outcome of underlying substantive legal claims, this court grants Fair's motion for reconsideration of its order adopting the August F&R. This court continues to adopt the legal recommendations made in the August F&R, but does not adopt the facts set forth therein. This decision is made without prejudice to future factual findings in the context of a decision on the merits of the case.

## IV.    CONCLUSION

For the foregoing reasons, the court adopts the Findings and Recommendation [61], GRANTS the motion to lift the stay [61], DENIES Fair's declaratory relief motion [43], and GRANTS Fair's various motions for reconsideration [47, 48, 58]. The August 15, 2007 order [46] adopting the August F&R [44] is amended; the court adopts the recommended holdings, but does not adopt the facts set forth in the "Facts" section of the August F&R [44].

IT IS SO ORDERED.

DATED this _3_ day of December, 2007.

/s/ Ancer L. Haggerty
Ancer L. Haggerty
United States District Judge