FILED'08 JUL 14 11:31 USDC-ORP

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

UNITED STATES OF AMERICA,
       Plaintiff,

                                     CV 06-1832-PK

v.                                     FINDINGS AND
                                     RECOMMENDATION

STEPHEN GEORGE MILJUS; EILEEN
JANE MILJUS; JOHN BRUNKO MILJUS;
THE ORGANIC ASSEMBLY OF
THE REMNANT IN YAHSHUA;
STEVEN GEORGE FAIR;

       Defendants.
_____

PAPAK, Magistrate Judge:

       The United States filed this action in December 2006 against defendants Stephen George Miljus ("Stephen"), Eileen Jane Miljus ("Eileen"), John Brunko Miljus ("John" and, collectively with Stephen and Eileen, the "Miljus defendants"), The Organic Assembly of the Remnant in Yahshua (the "Assembly in Yahshua"), and The Organic Assembly in Jah (the "Assembly in

Page 1 - FINDINGS AND RECOMMENDATION

Jah") to foreclose federal tax liens on a property allegedly owned at least in part by some or all of the then-named defendants. In April 2007, the United States added Steven George Fair, the principal of the Assembly in Yashua, as an additional defendant; subsequently, in January 2008, default judgment was entered against the Assembly of Jah and it was terminated as a defendant in this action. This court has jurisdiction over this action pursuant to 26 U.S.C. § 7402 and 28 U.S.C. §§ 1340, 1345, and 1367.

Now before the court is Fair's motion to attach real property (#96), by which he seeks attachment and a lien against all property owned by the Miljus defendants, as well as monetary damages. I have considered the parties' motions and all of the pleadings on file. For the reasons set forth below, Fair's motion should be denied.

## LEGAL STANDARD

Federal Civil Procedure Rule 64 expressly makes available in the federal courts all state remedies for seizure of property to secure satisfaction of a potential judgment, unless a contrary federal statute applies. *See* Fed. R. Civ. P. 64(a). Attachment is one such remedy that is expressly made available in the federal courts "however designated [under state law] and regardless of whether state procedure requires an independent action." Fed. R. Civ. P. 64(b).

Oregon statutory law specifically provides for the remedy of attachment. *See* Or. R. Civ. P. 84A. Attachment may be available as to real property, tangible personal property, debts, or the interest of a distributee of a decedent's estate. *See* Or. R. Civ. P. 84B. Several prerequisites must be satisfied before a writ of attachment may issue.

Under Oregon law, before any property may be attached the requesting party "must obtain, and have recorded in the County Clerk Lien Record, an order under Rule 83 that

Page 2 - FINDINGS AND RECOMMENDATION

provisional process may issue." Or. R. Civ. P. 84A(1). An order for provisional process under Oregon Civil Procedure Rule 83, in turn, requires that the requesting party file with the court both "a sworn petition" and in addition "any necessary supplementary affidavits or declarations requesting specific provisional process and showing, to the best knowledge, information, and belief of the [requesting party] that the action is one in which provisional process may issue" as well as other specified information. Or. R. Civ. P. 83A. The other information required in support of the sworn petition includes, *inter alia*, a showing that "there is no reasonable probability that the [opposing party] can establish a successful defense to the underlying claim." Or. R. Civ. P. 83A(12).

Moreover, the requesting party's underlying claim must be of a kind specified in Rule 84A(2), namely an action on unsecured contract for the payment of money, an action against a nonresident defendant on any contract for the payment of money, or an action against a nonresident defendant to recover money as damages for injury to property located in Oregon. *See* Or. R. Civ. P. 84A(2). The action may not be against a financial institution or its property, *see* Or. R. Civ. P. 84A(3), or based on a consumer transaction or seek attachment of consumer goods, *see* Or. R. Civ. P. 83B, nor may property be attached that is exempt from execution, *see* Or. R. Civ. P. 84D(1).

Oregon law requires strict compliance with these statutory standards. *See, e.g., Crouter v. United Adjusters, Inc.*, 259 Or. 348, 362 (1971) (affirming "the established policy of this court that strict compliance with the attachment statutes must be pleaded and proved" and holding an attachment invalid for noncompliance with the procedural requirements of the attachment statutes), *citing Banker's Discount Corp. v. Noe*, 116 Or. 570, 577 (1926).

Page 3 - FINDINGS AND RECOMMENDATION

## FACTS

Stephen, Eileen, John, and Fair all reside in Clackamas County, Oregon. Specifically, the Miljus defendants reside at 11985 SE Lusted Road, and Fair resides nearby at 12055 SE Lusted, which made a single parcel with 11985 SE Lusted before Clackamas County approved the separation of the two lots.

On October 9, 1997, before the division of 11985 SE Lusted from 12055 SE Lusted, the IRS attached a lien to the property at 12055 SE Lusted. Subsequently, on December 4, 1998, Clackamas County approved the separation of the two lots. On December 31, 1998, Fair purchased the title to 12055 SE Lusted by non-statutory deed from John, who acted as the principal of the Assembly in Jah, which at that time may have been the titular owner of the property.

Fair alleges that he subsequently contracted with Eileen, who acted as the principal of the Westside Water Company ("Westside"), to supply 12055 SE Lusted with water. In 2003, Westside apparently ceased providing water to 12055 SE Lusted after Fair and Eileen had a dispute. It appears that Westside has never since resumed the supply of water to 12055 SE Lusted.

This action was filed against the Miljus defendants, the Assembly in Jah, and the Assembly in Yashua in December 2006. Fair was added as a defendant in April 2007. Shortly thereafter, in May 2007, Fair filed documents purporting to constitute crossclaims (#24, 26) against the Miljus defendants and the Assembly in Jah alleging that the cross-defendants had breached contracts with Fair both by ceasing to provide him with water through Westside and by failing to defend his claim to the property at 12055 SE Lusted. The documents containing Fair's

Page 4 - FINDINGS AND RECOMMENDATION

purported crossclaims also purported to include two separate motions to attach real property essentially similar to the motion now before the court; the May 2007 motions were subsequently dismissed by minute order (#89) for failure to comply with the requirements of Local Rule 7.1, including the certification requirement of Local Rule 7.1(a), the separate pleading requirement of Local Rule 7.1(b), and the separate supporting memorandum requirement of Local Rule 7.1(c).

In May 2008, Fair filed a new document purporting to constitute a crossclaim (#94) against the Miljus defendants,[1] again alleging the cross-defendants' liability for breach of contract arising out of the parties' water-rights dispute.

## ANALYSIS

### I.   Or. R. Civ. P. 84A(1) Pleading Requirements

Under clear Oregon statutory law, Fair's motion to attach real property is deficient in that Fair has not first obtained an order from the court under Oregon Civil Procedure Rule 83 stating that "provisional process" may issue. Or. R. Civ. P. 84A(1). This procedural impropriety, without more, is sufficient to require denial of Fair's motion. *See Crouter*, 259 Or. at 362.

Moreover, this court lacks authority to construe Fair's motion as a motion under Rule 83 requesting issuance of provisional process. Fair's motion is not a sworn petition, nor is supported by affidavit or declaration. *See* Or. R. Civ. P. 83A. In addition, Oregon Civil Procedure Rule 83A(12) requires that Fair establish "[t]hat there is no reasonable probability that the [opposing party] can establish a successful defense to the [requesting party's] underlying claim." Or. R. Civ. P. 83 A(12); *see also* Or. R. Civ. P. 83 C(2) ("If from the affidavit, declaration or petition or

---

[1] The May 2008 crossclaim document additionally purported to state a claim against the Assembly in Jah, whose participation in this action had terminated in January 2008.

Page 5 - FINDINGS AND RECOMMENDATION

other evidence, if any, the court finds that a complaint on the underlying claim has been filed and that there is probable cause for sustaining the validity of the underlying claim, the court shall consider whether it shall order issuance of provisional process. . ."). Fair has made no such showing.

## II. Or. R. Civ. P. 84A(2) Underlying Action Requirements

As noted above, attachment is only available under Oregon law where the underlying claim is of a type specifically enumerated in Oregon Civil Procedure Rule 84A(2). For purposes of the Rule 84A(2) inquiry, this court will construe Fair's filings (#24, 26, 94) as stating, as they purport to do, crossclaims against the Miljus defendants for breach of contract.[2]

The types of underlying claim as to which attachment may be an appropriate remedy are, as noted above, an action on unsecured contract for the payment of money, *see* Or. R. Civ. P. 84A(2)(a), an action against a nonresident defendant on any contract for the payment of money, *see* Or. R. Civ. P. 84A(2)(b), or an action against a nonresident defendant to recover money as damages for injury to property located in Oregon, *see* Or. R. Civ. P. 84A(2)(c). Here, because each of the Miljus defendants is a resident of Oregon, only Rule 84A(2)(a) is at issue.

The Oregon courts interpret Rule 84A(2)(a) as permitting attachment only to recover upon liquidated contract damages. *See Crouter*, 259 Or. at 360 ("attachment is only proper to

---

[2] Federal Civil Procedure Rules 12(b) and 13(g) provide that crossclaims must be stated within a pleading; Federal Civil Procedure Rule 7(a) establishes, more specifically, that crossclaims must be stated within a defendant's answer to a plaintiff's complaint. *See* Fed. R. Civ. P. 12(b), 13(g), 7(a); *see also, e.g., United States v. Finn*, 239 F.2d 679, 684 n. 28 (9th Cir. 1956) ("The only way to file a cross-claim in a Federal court is to file an answer containing a cross-claim"). Fair's answer to the United States' complaint (#86) contains no crossclaim, and Fair's documents purporting to constitute crossclaims (#24, 26, 94) are not stated within any pleading recognized by or contemplated within Rule 7. Properly speaking, the purported crossclaims are therefore not cognizable as such.

Page 6 - FINDINGS AND RECOMMENDATION

recover upon 'an actual and bona fide debt' and [such] 'debt' must be liquidated in amount") (interpreting former O.R.S. 29.110(1)(a), the statutory predecessor to Rule 84A(2)(a)), *citing Neilson v. Title Guaranty & Surety Co.*, 101 Or 262 (1921). Here, however, Fair requests unliquidated personal damages in connection with the Miljus defendants' alleged breaches of a contract to supply water and/or of a contract to undertake to defend Fair against claims seeking to infringe his title to 12055 SE Lusted. Fair does not allege either a *bona fide* debt or any liquidated contract damages. Fair's crossclaim for breach of contract is therefore insufficient to support issuance of a writ of attachment.

### III  Local Rule 7.1 Requirements

Before a movant files a motion with the court, Local Rule 7.1 requires that the movant certify that "the parties made a good faith effort . . . to resolve the dispute and have failed to do so." L.R. 7.1(a). Local Rule 7.1 further requires that every motion must be accompanied by a separately filed legal memorandum. L.R. 7.1(c).

As noted above, in the course of these proceedings Fair has previously twice filed purported motions to attach real property that have been dismissed for failure to comply with the provisions of local Rule 7.1. The motion now before the court, like the previously filed motions, contains no L.R. 7.1(a) certification, nor is it accompanied by a separately filed legal memorandum. These repeated violations of the Local Rules provide additional support for the recommendation that the motion be denied. *See, e.g.*, L.R. 7.1(a) ("The court may deny any motion that fails to meet th[e] certification requirement").

### CONCLUSION

For the foregoing reasons, Fair's motion to attach real property (#96) should be denied.

Page 7 - FINDINGS AND RECOMMENDATION

## SCHEDULING ORDER

The above Findings and Recommendation will be referred to a United States District Judge for review. Objections, if any, are due July 28, 2008. If no objections are filed, review of the Findings and Recommendation will go under advisement on that date. If objections are filed, a response to the objections is due fourteen days after the date the objections are filed and the review of the Findings and Recommendation will go under advisement on that date.

Dated this 14th day of July, 2008.

Honorable Paul Papak
United States Magistrate Judge