FILED'08 JUL 18 10:43USDC-ORP

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

UNITED STATES OF AMERICA,
        Plaintiff,

                                        CV 06-1832-PK

                                        FINDINGS AND
v.                                    RECOMMENDATION

STEPHEN GEORGE MILJUS; EILEEN
JANE MILJUS; JOHN BRUNKO MILJUS;
THE ORGANIC ASSEMBLY OF
THE REMNANT IN YAHSHUA;
STEVEN GEORGE FAIR;

        Defendants.
_____

PAPAK, Magistrate Judge:

      This action was filed in December 2006 by the United States against defendants Stephen

George Miljus ("Stephen"), Eileen Jane Miljus ("Eileen"), John Brunko Miljus ("John" and,

collectively with Stephen and Eileen, the "Miljus defendants"), The Organic Assembly of the

Remnant in Yahshua (the "Assembly in Yahshua"), and The Organic Assembly in Jah (the

Page 1 - FINDINGS AND RECOMMENDATION

"Assembly in Jah") to foreclose federal tax liens on a property allegedly owned at least in part by some or all of the then-named defendants. In April 2007, the United States added Steven George Fair, the principal of the Assembly in Yashua, as an additional defendant. Subsequently, in January 2008, default judgment was entered against the Assembly of Jah and it was terminated as a defendant in this action. This court has jurisdiction over this action pursuant to 26 U.S.C. § 7402 and 28 U.S.C. §§ 1340, 1345, and 1367.

Now before the court are the Miljus defendants' motion to strike and alternative motion to dismiss (#104), by which the Miljus defendants, as cross-defendants, request that Fair's filing styled as "Crossclaim Domestic and Irrigation Water" (#94) be stricken or dismissed pursuant to Federal Civil Procedure Rule 12, and Fair's motion styled as a "Motion to the Court to Construe Fair's Recent Motions in Counterclaim, and Motions in Cross-Claim as Motions for Declaratory Judgment Under the Declaratory Judgments Act" (#117), by which Fair requests that certain of his filings styled as crossclaims or counterclaims (#94, 99, 101) be construed as requests for declaratory relief. I have considered the motion and all of the pleadings on file. For the reasons set forth below, the Miljus defendants' motion (#104) and Fair's motion (#117) should each be denied. I recommend, further, that each of the documents filed at Docket Nos. 24-26, 94, 99, and 101, be stricken from the record pursuant to the court's inherent power to control its docket.

## LEGAL STANDARDS

### I.    Motion to Strike

Federal Civil Procedure Rule 12 provides that the district courts "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter" on their own initiative or pursuant to a party's motion. Fed. R. Civ. P. 12(f). The disposition of a

Page 2 - FINDINGS AND RECOMMENDATION

motion to strike is within the discretion of the district court. *See Federal Sav. & Loan Ins. Corp.*

*v. Gemini Management*, 921 F.2d 241, 244 (9th Cir. 1990). Motions to strike are disfavored and

infrequently granted. *See Stabilisierungsfonds Fur Wein v. Kaiser, Stuhl Wind Distribs. Pty.,*

*Ltd.*, 647 F.2d 200, 201, 201 n.1 (D.C. Cir. 1981); *Pease & Curren Refining, Inc. v. Spectrolab,*

*Inc.*, 744 F. Supp. 945, 947 (C.D. Cal. 1990), abrogated on other grounds by *Stanton Road Ass'n*

*v. Lohrey Enters.*, 984 F.2d 1015 (9th Cir. 1993).

## II.    Motion to Dismiss

To survive dismissal for failure to state a claim pursuant to Rule 12(b)(6), a complaint

must contain more than a "formulaic recitation of the elements of a cause of action;" specifically,

it must contain factual allegations sufficient to "raise a right to relief above the speculative level."

*Bell Atlantic Corp. v. Twombly*, 550 U.S. ---, 127 S.Ct. 1955, 1965 (2007). "The pleading must

contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a

legally cognizable right of action." *Id.*, *quoting* 5 C. Wright & A. Miller, Federal Practice and

Procedure § 1216, pp. 235-236 (3d ed. 2004); *see also* Fed. R. Civ. P. 8(a).

"In ruling on a 12(b)(6) motion, a court may generally consider only allegations contained

in the pleadings, exhibits attached to the complaint, and matters properly subject to judicial

notice." *Swartz v. KPMG LLP*, 476 F.3d 756, 763 (9th Cir. 2007). In considering a motion to

dismiss, this court accepts all of the allegations in the complaint as true and construes them in the

light most favorable to the plaintiff. *See Kahle v. Gonzales*, 474 F.3d 665, 667 (9th Cir. 2007).

Moreover, the court "presume[s] that general allegations embrace those specific facts that are

necessary to support the claim." *Nat'l Org. for Women v. Scheidler*, 510 U.S. 249, 256 (1994),

*quoting Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992). The court need not, however,

Page 3 - FINDINGS AND RECOMMENDATION

accept legal conclusions "cast in the form of factual allegations." *Western Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981).

## FACTS

The Miljus defendants and Fair all reside in Clackamas County, Oregon. Specifically, the Miljus defendants reside at 11985 SE Lusted Road, and Fair resides nearby at 12055 SE Lusted, which made a single parcel with 11985 SE Lusted before Clackamas County approved the separation of the two lots in 1998.

On October 9, 1997, before the division of 11985 SE Lusted from 12055 SE Lusted, the IRS attached a lien to the property at 12055 SE Lusted. Subsequently, on December 4, 1998, Clackamas County approved the separation of the two lots. On December 31, 1998, Fair purchased the title to 12055 SE Lusted by non-statutory deed from John, who acted as the principal of the Assembly in Jah, which at that time may have been the titular owner of the property.

Fair alleges that he subsequently contracted with Eileen, who acted as the principal of the Westside Water Company ("Westside"), to supply 12055 SE Lusted with water. In 2003, Westside apparently ceased providing water to 12055 SE Lusted after Fair and Eileen had a dispute. It appears that Westside has never since resumed the supply of water to 12055 SE Lusted.

This action was filed against the Miljus defendants, the Assembly in Jah, and the Assembly in Yashua in December 2006. Fair was added as a defendant in April 2007. Shortly thereafter, in May 2007, Fair filed documents purporting to constitute crossclaims (#24, 26) against the Miljus defendants and the Assembly in Jah, alleging that the putative cross-

Page 4 - FINDINGS AND RECOMMENDATION

defendants had breached contracts with Fair both by ceasing to provide him with water through Westside and by failing to defend his claim to the property at 12055 SE Lusted, as well as a document purporting to constitute a counterclaim (#25) against the United States, by which Fair requested relief to quiet title to 12055 SE Lusted. The documents containing Fair's purported crossclaims purported to include separate motions to attach real property, and the document containing the purported counterclaim included paragraphs styled as a motion for partial summary judgment against the United States; the three May 2007 motions were subsequently dismissed by minute order (#89) for failure to comply with the requirements of Local Rule 7.1, including the certification requirement of Local Rule 7.1(a), the separate pleading requirement of Local Rule 7.1(b), and the separate supporting memorandum requirement of Local Rule 7.1(c). The purported crossclaims and counterclaim themselves were neither dismissed nor stricken.

In May 2008, Fair filed new documents purporting to constitute a crossclaim against the Miljus defendants (#94),[1] again alleging the cross-defendants' liability for breach of contract arising out of the parties' water-rights dispute, and a crossclaim (#99) and counterclaim (#101) against the United States, each again seeking to quiet title to the property at 12055 SE Lusted.[2] The Miljus defendants' motion to strike or alternatively to dismiss the May 2008 crossclaim

---

[1] The May 2008 crossclaim document additionally purported to state a claim against the Assembly in Jah, whose participation in this action had terminated in January 2008.

[2] Presumably in a misguided effort to comply with the principles set forth in this court's minute order (#89), which provided that *motions*, rather than *pleadings*, must be accompanied by separately filed legal memoranda, Fair's purported crossclaims and counterclaim of May 2008 were each filed contemporaneously with a separately filed document styled as a supporting memorandum. Fair has filed several documents styled as motions to the court since this court's minute order issued; by contrast with Fair's numerous attempts to file pleadings, none of his motions have been filed with supporting legal memoranda.

against them (#104) followed.  Contemporaneously with his opposition to the Miljus defendants'
motion,[3] Fair filed his motion (#117) to construe his May 2008 crossclaims and counterclaim
(#94, 99, 101) as requests for declaratory relief.  Fair's motion was filed without any separate
supporting legal memorandum.

## ANALYSIS

Apparently perplexed, and understandably so, by Fair's haphazard procedural elections,
the Miljus defendants expressly construe Fair's May 2008 crossclaim against them (#94) as either
a late-filed crossclaim or as a motion for leave to amend his crossclaims of May 2007.  Not
detracting in any degree from the procedural disarray, Fair now moves that some or all of his
crossclaims and counterclaims of May 2008, including the purported crossclaim against the
Miljus defendants, be construed as requests for declaratory relief.

Neither suggestion is well taken.  Federal Civil Procedure Rules 12 and 13 provide that
crossclaims and counterclaims must be stated within a pleading.  *See* Fed. R. Civ. P. 12(b), 13(a),
13(b), 13(g).  Federal Civil Procedure Rule 7 establishes, more specifically, that crossclaims and
counterclaims must be stated within a defendant's answer to a plaintiff's complaint.  *See* Fed. R.
Civ. P. 7(a); *see also, e.g., United States v. Finn*, 239 F.2d 679, 684 n. 27, 684 n. 28 (9th Cir.
1956) ("[t]he only way to file a counterclaim in a Federal court is to file an answer containing a
counterclaim;" "[t]he only way to file a cross-claim in a Federal court is to file an answer
containing a cross-claim").  Fair's answer to the United States' complaint (#86) contains no
crossclaim or counterclaim, and Fair's documents purporting to constitute crossclaims and

---

[3] Fair filed both a response to the Miljus defendants' motion to strike or to dismiss and a
separate legal memorandum in support of that response on June 30, 2008.

counterclaims of May 2007 (#24, 25, 26) and of May 2008 (#94, 99, 101) are not stated within

any pleading recognized by or contemplated within Rule 7. Properly speaking, none of the

purported crossclaims and counterclaims is therefore cognizable as such. *See Finn*, 239 F.2d at

684; *see also, e.g., Langer v. Monarch Life Ins. Co.*, 966 F.2d 786, 808-810 (3d Cir. 1992)

(holding that purported crossclaims were procedurally improper when filed other than in a

pleading containing an answer; approving the decisions of the district court below in striking

such purported crossclaims and dismissing them as not validly asserted against the

plaintiff/cross-defendant; approving Federal Civil Procedure Rule 11 sanction against the

attorney who signed the purported crossclaim).

## I.      The Miljus Defendants' Motion

### A.      Motion to Strike

Because Fair's purported crossclaims and counterclaims do not validly assert claims

against the Miljus defendants or the United States, *see Finn*, 239 F.2d at 684; *Langer*, 966 F.2d

at 808-810, the documents filed at Docket Nos. 24-26, 94, 99, and 101 are effectively procedural

nonentities.

By its express terms, Federal Civil Procedure Rule 12(f) authorizes the courts to strike

immaterial or impertinent matter like the contents of Fair's purported crossclaim *only* from

cognizable *pleadings*. *See* Fed. R. Civ. P. 12(f) ("[t]he court may strike *from a pleading* an

insufficient defense or any redundant, immaterial, impertinent, or scandalous matter") (emphasis

supplied); *see also, e.g., Sidney-Vinstein v. A.H. Robins Co.*, 697 F.2d 880, 885 (9th Cir. 1983)

("[u]nder the express language of the rule, only pleadings are subject to motions to strike");

*United States v. Crisp*, 190 F.R.D. 546, 550 (E.D. Cal. 1999) ("[a] motion to strike is limited to

Page 7 - FINDINGS AND RECOMMENDATION

pleadings"). The documents at issue here cannot be considered pleading, *see* Fed. R. Civ. P. 7(a),

and therefore Rule 12(f) cannot serve as the avenue for objecting to these filings, *see* Fed. R. Civ.

P. 12(f); *Sidney-Vinstein*, 697 F.2d at 885; *VanDanacker v. Main Motor Sales Co.*, 109 F. Supp.

2d 1045, 1047 (D. Minn. 2000) ("a Rule 12(f) motion to strike is not the proper avenue for

challenging" filings other than pleadings). Because the Miljus defendants expressly move to

strike pursuant to Rule 12(f), the motion to strike should be denied.

**B.      Motion to Dismiss**

Because Fair's purported crossclaim does not validly assert claims against the Miljus

defendants, *see Finn*, 239 F.2d at 684; *Langer*, 966 F.2d at 808-810, Fair has not asserted any

claims subject to dismissal by this court. The Miljus defendants' alternative motion to dismiss

should therefore be denied as moot.

**C.      Construal of Purported Crossclaim as Motion for Leave to Amend Answer**

The Miljus defendants invite the court to construe the purported crossclaim of May 1998

(#94) as a motion to amend one or more of the purported crossclaims of May 2007. The court

should decline to accept the Miljus defendants' invitation. First, the purported crossclaim does

not expressly state that amendment is sought, nor does it state any grounds pursuant to which

leave to amend should be granted. *See, e.g.*, Fed. R. Civ. P. 7(b). Second, the crossclaims of

May 2007 suffer all of the same procedural defects as the crossclaim (#94) at issue here, and are

therefore themselves procedural nonentities that do not validly assert a claim. Third, and most

critically, if construed as a motion to amend Fair's answer to the United States' First Amended

Complaint, such constructive motion would necessarily be denied because the constructively

proposed amended answer would be clearly defective *qua* pleading.

In the event Fair affirmatively elects to move the court for leave to amend his answer to state crossclaims and/or counterclaims against the Miljus defendants and/or the United States, the foregoing recommendation should not be construed as foreclosing his opportunity to do so. For its merits to be considered, any such motion must be compliant not only with Local Rule 7.1,[4] but also with Local Rule 15.1.[5]

---

[4] Except for motions for temporary restraining orders, all motions filed with this court must comply with the certification requirements of Local Rule 7.1(a). No motion filed with this court may be combined with any response, reply, or other pleading, pursuant to Local Rule 7.1(b). Pursuant to Local Rule 7.1(c), every motion filed with this court must be accompanied by a separately filed legal memorandum detailing the points and authorities in support of the motion.

[5] Local Rule 15.1 provides, in pertinent part, as follows:

(a) Amended Document Title

    The word AMENDED – and iteration number – must be included in the revised document title, e.g.[, First Amended Answer to Plaintiff's First Amended Complaint.]

* * *

(c) Amended Document Requirements

    Any party filing, or moving to file, an amended or supplemental pleading must:

        (1) Reproduce the entire pleading, and may not incorporate any part of the prior pleading by reference; and

        (2) Describe the changes made.

(d) Exhibits to a Motion

        (1) A copy of the proposed amended pleading must be attached as an exhibit to any motion for leave to file the amended pleading.

        (2) Upon entry of an order granting the motion, the original amended pleading must be submitted to the clerk for filing.

## II.   Motion to Construe Purported Cross- and Counterclaims as Requests for Declaratory Relief

Fair requests that his purported crossclaims and counterclaims, or some of them, be construed as requests for declaratory relief. The motion fails to specify whether the claims should be construed as new crossclaims and/or counterclaims asserting claims for declaratory relief, or, alternatively, as motions for partial summary judgment as to such claims that Fair may believe he has already raised. In neither event should the motion be granted.

In the event it is Fair's intention that this court should construe the purported cross- and counterclaims as motions for leave to amend his answer to state claims for declaratory relief, the motion should be denied as noncompliant with Local Rule 15.1 and/or Federal Civil Procedure Rule 8(b). Local Rule 15.1 requires that "[a] copy of the proposed amended pleading must be attached as an exhibit to any motion for leave to file the amended pleading," L.R. 15.1(d)(1), and Rule 8(b) requires that:

> In responding to a pleading, a party must:
>
>> (A) state in short and plain terms its defenses to each claim asserted against it; and
>>
>> (B) admit or deny the allegations asserted against it by an opposing party.

Fed. R. Civ. P. 8(b). Construed as proposed amended answers, none of Fair's purported cross- and counterclaims satisfies the requirements of Rule 8(b).

In the event it is Fair's intention that this court should construe one or more of the

---

(3) The clerk will not detach the proposed amended pleading from the motion.

L.R. 15.1.

purported cross- and counterclaims as a motion for partial summary judgment as to a claim for declaratory relief, the court is without authority to grant such a motion. Because Fair has not validly asserted any crossclaim against the Miljus defendants or any counterclaim against the United States, no claim for declaratory relief has been stated as to which partial summary judgment could issue.

Moreover, as noted above, Fair's motion was filed without any supporting legal memorandum. Local Rule 7.1 requires that every motion be accompanied by a separately filed legal memorandum. *See* L.R. 7.1(c). This procedural impropriety, repeated here for at least the fifth time since Fair was named as a defendant in these proceedings, provides additional support for the recommendation that the motion be denied.

## III. Inherent Power to Control and Manage Docket

Because, as noted above, the documents filed by Fair at Docket Nos. 24-26, 94, 99, and 101 are procedural nonentities that do not validly assert claims against the Miljus defendants or the United States, the purported cross-defendants and counter-defendant need not respond to those documents. No judgment may properly be entered on any claim articulated within those documents. Nevertheless, the presence of the purported cross- and counter-claims in the docket remains a potential source of prejudicial confusion to all parties. Judicial efficiency and procedural fairness are necessarily impaired when the parties are unable to ascertain with clarity precisely which claims have been raised against whom.

It is well established that the district courts enjoy an inherent power to manage and control their own dockets. *See, e.g., Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936) (affirming "the power inherent in every court to control the disposition of the causes on its docket with

Page 11 - FINDINGS AND RECOMMENDATION

economy of time and effort for itself, for counsel, and for litigants"). It is clear that this inherent

power includes the authority to sanction procedural impropriety in an appropriate manner. *See,

e.g., Chambers v. NASCO, Inc.*, 501 U.S. 32, 44-45 (1991) (noting that "[a] primary aspect" of

the courts' inherent power "is the ability to fashion an appropriate sanction for conduct which

abuses the judicial process;" holding that because "outright dismissal of a lawsuit . . . is within

the court's discretion," in consequence less severe sanctions are "undoubtedly within a court's

inherent power as well"); *Atchison, T. & S.F. Ry. v. Hercules Inc.*, 146 F.3d 1071, 1074 (9th Cir.

1998) ("well established that district courts have inherent power to control their dockets and may

impose sanctions, including dismissal, in the exercise of that discretion") (citations, internal

quotation marks omitted); *see also Lamos v. Astrue*, 2008 U.S. App. LEXIS 9143 (9th Cir. 2008)

(unpublished disposition) (affirming inherent power of the courts to strike documents other than

pleadings from the docket); *Centillium Communs., Inc. v. Atl. Mut. Ins. Co.*, 2008 U.S. Dist.

LEXIS 20719 (D. Cal. 2008) (striking a procedurally improper motion pursuant to the court's

inherent power). Because the documents filed at Docket Nos. 24-26, 94, 99, and 101 are

potentially prejudicial procedural nonentities, I recommend that they be stricken pursuant to the

court's inherent power to control and manage its docket.

## CONCLUSION

For the foregoing reasons, the Miljus defendants' motion to strike and alternative motion

to dismiss (#104) and Fair's motion styled as a "Motion to the Court to Construe Fair's Recent

Motions in Counterclaim, and Motions in Cross-Claim as Motions for Declaratory Judgment

Under the Declaratory Judgments Act" (#117) should be denied, and Fair's purported crossclaims

and counterclaims (#24-26, 94, 99, 101) should be stricken.

Page 12 - FINDINGS AND RECOMMENDATION

## SCHEDULING ORDER

The above Findings and Recommendation will be referred to a United States District Judge for review. Objections, if any, are due August 1, 2008. If no objections are filed, review of the Findings and Recommendation will go under advisement on that date. If objections are filed, a response to the objections is due fourteen days after the date the objections are filed and the review of the Findings and Recommendation will go under advisement on that date.

Dated this 18th day of July, 2008.

Honorable Paul Papak
United States Magistrate Judge