FILED'08 SEP 30 13:35USDC-ORP

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

UNITED STATES OF AMERICA,

        Plaintiff,

                                      CV 06-1832-PK

v.                                    OPINION AND
                                      ORDER

STEPHEN GEORGE MILJUS; EILEEN
JANE MILJUS; JOHN BRUNKO MILJUS;
THE ORGANIC ASSEMBLY OF
THE REMNANT IN YAHSHUA;
STEVEN GEORGE FAIR;

        Defendants.

PAPAK, Magistrate Judge:

        This action was filed in December 2006 by the United States against defendants Stephen George Miljus ("Stephen"), Eileen Jane Miljus ("Eileen"), John Brunko Miljus ("John" and, collectively with Stephen and Eileen, the "Miljus defendants"), The Organic Assembly of the

Page 1 - OPINION AND ORDER

Remnant in Yahshua (the "Assembly in Yahshua"), and The Organic Assembly in Jah (the "Assembly in Jah") to foreclose federal tax liens on a property allegedly owned at least in part by some or all of the then-named defendants. In April 2007, the United States added Steven George Fair, the principal of the Assembly in Yashua, as an additional defendant. Subsequently, in January 2008, default judgment was entered against the Assembly of Jah and it was terminated as a defendant in this action. This court has jurisdiction over this action pursuant to 26 U.S.C. § 7402 and 28 U.S.C. §§ 1340, 1345, and 1367.

Now before the court are Fair's motions seeking leave to join Clackamas County as a party to this action (#67), for leave to amend his answer (#122), to stay these proceedings (#123), for extension of time in which to amend his answer (#123), and for appointment of counsel (#125). I have considered the motion and all of the pleadings on file. For the reasons set forth below, all five motions are denied.

## LEGAL STANDARDS

### I. Joinder

Persons . . . may be joined in one action as defendants if:

> (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and
>
> (B) any question of law or fact common to all defendants will arise in the action.

Fed. R. Civ. P. 20(a)(2).

### II. Leave to Amend

After a defending party has filed a response to an initially-filed complaint, "a party may

Page 2 - OPINION AND ORDER

amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Federal Civil Procedure Rule 15 specifies that "[t]he court should freely give leave when justice so requires." *Id.* The Ninth Circuit has specified that Rule 15 is to be interpreted with "extreme liberality," *Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1387 (9th Cir. 1990), *citing United States v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981), although leave to amend is nevertheless "not to be granted automatically," *id.*

## III. Stay of Proceedings

"District courts have inherent authority to stay proceedings before them. . . ." *Gates v. Woodford (Rohan ex rel. Gates)*, 334 F.3d 803, 817 (9th Cir. 2003), *citing Landis v. North Am. Co.*, 299 U.S. 248, 254 (1936). Indeed, the Supreme Court has stated that the courts' inherent discretion to stay proceedings is an important tool in the promotion of judicial economy:

> The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants. How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance.

*Landis*, 299 U.S. at 254-55.

## FACTS

The Miljus defendants and Fair all reside in Clackamas County, Oregon. Specifically, the Miljus defendants reside at 11985 SE Lusted Road, and Fair resides nearby at 12055 SE Lusted, which made a single parcel with 11985 SE Lusted before Clackamas County approved the separation of the two lots in 1998.

On October 9, 1997, before the division of 11985 SE Lusted from 12055 SE Lusted, the IRS attached a lien to the property at 12055 SE Lusted. Subsequently, on December 4, 1998,

Page 3 - OPINION AND ORDER

Clackamas County approved the separation of the two lots. On December 31, 1998, Fair purchased the title to 12055 SE Lusted by non-statutory deed from John, who acted as the principal of the Assembly in Jah, which at that time may have been the titular owner of the property.

This action was filed against the Miljus defendants, the Assembly in Jah, and the Assembly in Yashua in December 2006, to foreclose federal tax liens on the properties located at 11985 SE Lusted and 12055 SE Lusted Road. Fair was added as a defendant in April 2007. Shortly thereafter, in May 2007, Fair filed documents purporting to constitute crossclaims (#24, 26) against the Miljus defendants and the Assembly in Jah, as well as a document purporting to constitute a counterclaim (#25) against the United States. The documents styled as crossclaims each purported to include a separate motion to attach real property, and the counterclaim document included paragraphs styled as a motion for partial summary judgment against the United States; the three purported motions of May 2007 were subsequently dismissed by minute order (#89) for failure to comply with the requirements of Local Rule 7.1, including the certification requirement of Local Rule 7.1(a), the separate pleading requirement of Local Rule 7.1(b), and the separate supporting memorandum requirement of Local Rule 7.1(c). The purported crossclaims and counterclaim themselves were neither dismissed nor stricken at that time.

In May 2008, Fair filed new documents purporting to constitute a crossclaim against the Miljus defendants and the Assembly in Jah (#94), as well as a crossclaim (#99) and counterclaim (#101) against the United States.

Because each of Fair's purported crossclaims and counterclaims was fatally procedurally

Page 4 - OPINION AND ORDER

defective, the court struck from the record each of the documents filed at Docket Nos. 24, 25, 26, 94, 99, and 101, effective August 11, 2008. At that time, the court instructed Fair that, in the event he elected to move the court for leave to amend his answer to state crossclaims and/or counterclaims against the Miljus defendants and/or the United States, any such leave to amend would be required to comply with the requirements of Local Rules 7.1 and 15.1. The relevant requirements of each of these rules were expressly set forth in full in the court's opinion, including the requirements of Local Rule 15.1 that any motion for leave to file an amended pleading must be supported by a copy of the proposed amended pleading attached as an exhibit to the motion, that the proposed amended pleading must be reproduced in its entirety, and that the motion must describe each of the changes made in the amended pleading.

## ANALYSIS

### I.     Joinder, Leave to Amend, Extension

Fair's motion (#67) seeking an order joining Clackamas County as a party to this action can best be construed as a motion for leave to amend Fair's pleading to state a claim against the county. As such, it can appropriately be addressed simultaneously with the motion (#122) expressly styled as one seeking leave to amend.

Although this court has already had occasion to instruct Fair extensively as to the procedural requirements that must be met in filing a motion for leave to amend a pleading, neither of the two motions is accompanied by a copy of the proposed amended pleading, nor does either motion describe the proposed changes to be made. *See* L.R. 15.1(c), 15.1(d). In determining whether to grant a motion to amend a pleading, the courts must consider whether the proposed amendment would be unduly prejudicial to the opposing party, whether the motion

Page 5 - OPINION AND ORDER

is made in bad faith, or whether the proposed amendment would be futile. *Bowles v. Reade*, 198 F.3d 752, 757-758 (9th Cir. 1999). In light of Fair's failure (despite this court's prophylactic instructions and warning) to comply with Local Rule 15.1 – and the consequent absence of any information regarding the nature of the proposed amendment – this court cannot properly evaluate any of the factors set forth in *Bowles*. The motions by which Fair seeks leave to amend his pleading are therefore denied.[1]

Because this court denies Fair leave to amend his pleading, his motion (#123) for extension of the time within which to amend his answer is likewise denied.[2]

## II.  Motion to Stay

In his motion (#123) to stay these proceedings, Fair asserts the existence of "an interested party," Lori Lee Fair ("Lori Lee"), domiciled in Portland, OR, "who may be irreparably injured should she not be disclosed to the court." In his supporting memorandum, Fair alludes (albeit in an inapposite context) to the doctrine of covert barron, suggesting that he may view Lori Lee as his spouse or common-law spouse. Fair's argument is that these proceedings should be stayed for six months to permit Lori Lee time in which to retain counsel.

---

[1] In addition, the motion filed at Docket No. 67 is defective in failing to comply with the certification requirements of Local Rule 7.1(a) and the separate supporting memorandum requirement of Local Rule 7.1(c). Moreover, it is reasonably clear that the grievance Fair would like to assert against Clackamas County, arising out of a state property tax levied by the county against Fair, neither arises out of the same occurrence as the federal tax lien foreclosure at issue in this action, nor shares any legal issue in common with it. *See Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1296 (9th Cir. 2000); *Coughlin v. Rogers*, 130 F.3d 1348, 1351 (9th Cir. 1997); *see also* Fed. R. Civ. P. 20(a). The amendment sought in the motion filed at Docket No. 67 would therefore likely be necessarily futile.

[2] By leave of court or with the consent of his opposing parties, Fair may amend his pleading at any time prior to trial of this action. *See* Fed. R. Civ. P. 15(a). It therefore can never be necessary to move for an extension of the time within which to file an amended answer.

"When considering a motion to stay, the district court should consider three factors: (1) potential prejudice to the non-moving party; (2) hardship and inequity to the moving party if the action is not stayed; and (3) the judicial resources that would be saved by avoiding duplicative litigation. . . ." *Rivers v. Walt Disney Co.*, 980 F. Supp. 1358, 1360 (D. Cal. 1997), *citing American Seafood v. Magnolia Processing, Inc.*, 1992 U.S. Dist. LEXIS 7374 (E.D. Penn. 1992). Here, the requested six-month stay would necessarily inconvenience the United States and the Miljus Defendants, if only by delaying resolution of this action, but no party has asserted that significant prejudice would result. However, Fair similarly does not suggest that he would suffer hardship or inequity in any degree if the action were not stayed, nor would judicial efficiency be in any way impaired.

Assuming without deciding that Lori Lee has an interest in the property at 12055 SE Lusted, she is not a party to this action and has not made her interest known to this court. At this time, neither justice nor equity would be served by staying these proceedings to permit a non-party to this action to obtain counsel. The motion to stay these proceedings is therefore denied.

### III.   Appointment of Counsel

By motion (#125), Fair requests that this court appoint counsel to represent him. However, this court is without authority to appoint counsel in a civil action. *Cf.* Fed. R. Crim. P. 44. The motion for appointment of *pro bono* counsel is therefore denied.

I further conclude that this case is not appropriate for referral to the District of Oregon's Pro Bono Representation Program.[3]

---

[3] For further information regarding the Pro Bono Representation Program, the parties may consult the court's website at http://www.ord.uscourts.gov/ProBono/ProBono.html.

## CONCLUSION

For the foregoing reasons, Fair's motion seeking leave to join Clackamas County as a party to this action (#67), motion for leave to amend his answer (#122), motion to stay these proceedings (#123), motion for extension of time in which to amend his answer (#123), and motion for appointment of counsel (#125) are each denied.

Dated this 30th day of September, 2008.

*/s/ Paul Papak*
Honorable Paul Papak
United States Magistrate Judge

Page 8 - OPINION AND ORDER