FILED
JAN 06 2009

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

UNITED STATES OF AMERICA,

        Plaintiff,

                                CV 06-1832-PK

                                OPINION AND
v.                               ORDER

STEPHEN GEORGE MILJUS; EILEEN
JANE MILJUS; JOHN BRUNKO MILJUS;
THE ORGANIC ASSEMBLY OF
THE REMNANT IN YAHSHUA;
STEVEN GEORGE FAIR;

        Defendants.
_____

PAPAK, Magistrate Judge:

       This action was filed in December 2006 by the United States against defendants Stephen George Miljus ("Stephen"), Eileen Jane Miljus ("Eileen"), John Brunko Miljus ("John" and, collectively with Stephen and Eileen, the "Miljus defendants"), The Organic Assembly of the

Page 1 - OPINION AND ORDER

Remnant in Yahshua (the "Assembly in Yahshua"), and The Organic Assembly in Jah (the "Assembly in Jah") to foreclose federal tax liens on a property allegedly owned at least in part by some or all of the then-named defendants. In April 2007, the United States added Steven George Fair, the principal of the Assembly in Yashua, as an additional defendant. Subsequently, in January 2008, default judgment was entered against the Assembly of Jah and it was terminated as a defendant in this action. This court has jurisdiction over this action pursuant to 26 U.S.C. § 7402 and 28 U.S.C. §§ 1340, 1345, and 1367.

Now before the court is Fair's motion to compel discovery responses (#148). I have considered the motion and all of the pleadings on file. For the reasons set forth below, the motion is denied. Fair shall have leave to refile his motion in part only, as discussed below.

## FACTUAL BACKGROUND

Although Fair's motion fails to provide any coherent recital of facts material to the complained-of discovery dispute, it appears that in or around July 2008, Fair issued numerous discovery requests directed to the United States, each of the Miljus defendants, and at least six nonparties to this action. Specifically, it appears that Fair issued to the United States a set of twenty-two requests for production of documents, a set of twenty-five requests for admission, and a set of twenty-five enumerated interrogatories; to Stephen a set of six requests for production of documents, a set of twenty-five requests for admission and a set of eleven enumerated interrogatories; to Eileen a set of six requests for production of documents, a set of twenty-five requests for admission and a set of twelve enumerated interrogatories; to John a set of six requests for production of documents, a set of twenty-five requests for admission and a set of eleven enumerated interrogatories; to Arnie Poutala a set of twenty-five enumerated

interrogatories; to Sandy Poutala a set of twenty-five enumerated interrogatories; to Guy Price a set of sixteen enumerated interrogatories; to Rick Harmon a set of twenty enumerated interrogatories; to Mike McCord a set of six enumerated interrogatories; and to Gary Harvey a set of twenty-two enumerated interrogatories. It appears that Fair received responses from each of the Miljus defendants and from the United States, although Fair characterizes the parties' responses as evasive and/or incomplete. By contrast, it appears that Fair has received no response from Arnie Poutala, Sandy Poutala, Price, Harmon, or McCord (collectively, the "nonparty respondents").[1]

On December 8, 2008, Fair filed the motion to compel production of documents and responses to interrogatories and requests for admissions now before the court. In support of his motion, Fair has provided the court with complete copies of all discovery requests he has issued. Although he characterizes the parties' responses to his requests as evasive and/or incomplete, he neither provides copies of the parties' responses nor describes the nature of their alleged inadequacy in any particular.

It appears likely that Fair further intends to request expense-shifting sanctions against the allegedly dilatory responding parties. No party has filed any opposition to Fair's motion.

## APPLICABLE LAW

Federal Civil Procedure Rule 26(b)(1) authorizes discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party. Rule 26(b)(1) is to be construed broadly and encompasses any matter that bears on, or that reasonably could lead to other matters

---

[1] Fair's motion is silent as to whether any response was received from Harvey, and it does not appear that Fair intends to request an order to compel production of responses from Harvey.

Page 3 - OPINION AND ORDER

that would bear on, any issue that is or may be in the case. *See Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978).

## I. Party Discovery

Methods available for obtaining discovery from litigation parties include deposition by oral examination, *see* Fed. R. Civ. P. 30, deposition by written questions, *see* Fed. R. Civ. P. 31, interrogatories, *see* Fed. R. Civ. P. 33, requests for production of documents, *see* Fed. R. Civ. P. 34, requests to permit entry onto real property for the purposes of inspection, *see id.*, and requests for admission, *see* Fed. R. Civ. P. 36.

## II. Nonparty Discovery

By contrast with the variety of methods available for obtaining discovery from litigation parties, discovery from nonparties requires the issuance of a subpoena. *See* Fed. R. Civ. P. 45. A subpoena may issue to compel a nonparty's attendance at a deposition, to compel a nonparty to produce designated documents or things, or to compel the opening of designated premises to inspection. *See* Fed. R. Civ. P. 45(a)(1). The specific requirements as to the form and contents of such subpoenas are set forth in full in Federal Civil Procedure Rule 45(a)(1)(A) and (B), the factors governing the selection of an issuing court are set forth in Rule 45(a)(2), the procedure for requesting issuance of a subpoena by a litigation party is set forth in Rule 45(a)(3), and the rules governing service of a subpoena are set forth in Rule 45(b).

## III. Motion to Compel

Federal Civil Procedure Rule 37(a) provides that a propounding party may move for an order compelling discovery. *See* Fed. R. Civ. P. 37(a)(1). Specifically, such a motion may be brought if:

> (i)      a deponent fails to answer a question asked under Rules 30 or 31;
>
> (ii)      a corporation or other entity fails to make a designation under Rule 30(b)(6) or 31(a)(4);
>
> (iii)     a party fails to answer an interrogatory submitted under Rule 33, or
>
> (iv)     a party fails to respond that inspection will be permitted — or fails to permit inspection — as requested under Rule 34.

Fed. R. Civ. P. 37(a)(3)(B). For purposes of Rule 37(a), "an evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond." Fed. R. Civ. P. 37(a)(4).

## IV. Expense-Shifting as Sanction in Discovery Disputes

Federal Civil Procedure Rule 37(a)(5) provides that a party prevailing on a motion to compel discovery is entitled to award of reasonable expenses incurred in bringing the motion, absent special circumstances:

> (A) If [a] motion [to compel] is granted — or if the disclosure or requested discovery is provided after the motion was filed — the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees. But the court must not order this payment if:
>
> > (i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action;
> >
> > (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or
> >
> > (iii) other circumstances make an award of expenses unjust.

Fed. R. Civ. P. 37(a)(5)(A).

## ANALYSIS

### I. Party Discovery

It appears that Fair received responses to his discovery requests from each of the parties to this action. As noted above, he alleges without particularity that the responses he received were evasive and/or incomplete.

Analysis of Fair's discovery requests to the United States and to the Miljus defendants establishes that Fair was not entitled to any response to some of his requests, a portion of which appear to seek discovery as to documents prepared in anticipation of trial, *see* Fed. R. Civ. P. 26(b)(3)(A), attorney work product, *see United States v. Nobles*, 422 U.S. 225, 239 (1975), and/or clearly irrelevant matters, *see* Fed. R. Civ. P. 26(b)(1). In light of the patent impropriety of a portion of Fair's discovery requests, and operating within a perfect informational vacuum as to the particulars of the parties' discovery responses and the nature of their alleged inadequacy, this court cannot grant Fair's motion to compel. The motion is therefore denied as to the discovery requests issued to party respondents.

In the event Fair believes he can cure the defects of his motion by providing the court with copies of the discovery responses alleged to be inadequate, as well as a brief, cogent, coherent explanation of the manner in which they are allegedly evasive and/or incomplete, he shall have leave to do so. Leave for Fair to refile his motion to compel shall apply only to the discovery requests issued to the United States or the Miljus defendants.

### II. Nonparty Discovery

As set forth above, Fair issued interrogatories to the nonparty respondents. Because the Federal Rules of Civil Procedure do not provide for the issuance of interrogatories to nonparties,

Page 6 - OPINION AND ORDER

this court is without authority to compel responses to Fair's nonparty interrogatories.

In the event Fair elects to seek discovery from the nonparty respondents, he must request and serve appropriate subpoenas in compliance with the provisions of Federal Civil Procedure Rule 45. Because Rule 45 does not provide for any exact analog to party interrogatories, he must either require the nonparty respondents to appear for deposition by oral examination or require them to produce relevant documents in order to obtain whatever relevant information he may believe they possess.

The motion to compel is therefore denied as to the discovery requests issued to the nonparty respondents, without leave to refile.

## CONCLUSION

For the foregoing reasons, Fair's motion to compel (#148) is denied. Fair shall have leave to refile his motion to the extent it seeks to compel discovery responses from the United States, Stephen George Miljus, Eileen Jane Miljus, and/or John Brunko Miljus only.

Dated this 6th day of January, 2009.

Honorable Paul Papak
United States Magistrate Judge