FILED

JAN 06 2009

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

UNITED STATES OF AMERICA,

        Plaintiff,

                                        CV 06-1832-PK

v.                                        OPINION AND ORDER

STEPHEN GEORGE MILJUS; EILEEN
JANE MILJUS; JOHN BRUNKO MILJUS;
THE ORGANIC ASSEMBLY OF
THE REMNANT IN YAHSHUA;
STEVEN GEORGE FAIR;

        Defendants.

PAPAK, Magistrate Judge:

        This action was filed in December 2006 by the United States against defendants Stephen George Miljus ("Stephen"), Eileen Jane Miljus ("Eileen"), John Brunko Miljus ("John" and, collectively with Stephen and Eileen, the "Miljus defendants"), The Organic Assembly of the

Page 1 - OPINION AND ORDER

Remnant in Yahshua (the "Assembly in Yahshua"), and The Organic Assembly in Jah (the "Assembly in Jah") to foreclose federal tax liens on a property allegedly owned at least in part by some or all of the then-named defendants. In April 2007, the United States added Steven George Fair, the principal of the Assembly in Yashua, as an additional defendant. Subsequently, in January 2008, default judgment was entered against the Assembly of Jah and it was terminated as a defendant in this action. This court has jurisdiction over this action pursuant to 26 U.S.C. § 7402 and 28 U.S.C. §§ 1340, 1345, and 1367.

Now before the court is Fair's filing (#143) of October 10, 2008, styled as "Objection to Magistrate Opinion and Order Papak 09-30-2008; Complaint Misprision" (Fair's "objections"). On October 30, 2008, by minute order (#145), Fair's objections were referred to Judge Haggerty for his consideration.[1] On December 9, 2008, Judge Haggerty construed Fair's objections as a motion for reconsideration of this court's Opinion and Order (#140) of September 30, 2008, denying Fair's various motions to join Clackamas County as a party, for leave to amend his answer, to stay proceedings, for extension of time in which to amend his answer, and for appointment of counsel, and, in consequence, referred the construed motion back to me.

---

[1] Federal Civil Procedure Rule 72 provides that a party may file objections to a magistrate judge's orders as to nondispositive matters, and that such objections will be heard and considered by a district judge:

> When a pretrial matter not dispositive of a party's claim or defense is referred to a magistrate judge to hear and decide, the magistrate judge must promptly conduct the required proceedings and, when appropriate, issue a written order stating the decision. A party may serve and file objections to the order within 10 days after being served with a copy. . . . The district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law.

Fed. R. Civ. P. 72(a).

Page 2 - OPINION AND ORDER

An order that resolves fewer than all of the claims among all of the parties "is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties." Fed. R. Civ. P. 54(b). Where reconsideration of a non-final order is sought, the court has "inherent jurisdiction to modify, alter or revoke it." *United States v. Martin*, 226 F.3d 1042, 1048-1049 (9th Cir. 2000). To succeed in a motion to reconsider, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision. *See, e.g., Kern-Tulare Water Dist. v. City of Bakersfield*, 634 F. Supp. 656, 665 (E.D. Cal. 1986). Generally, "[r]econsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *Sch. Dist. No. 1J, Multnomah County, Oregon v. ACANDS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993).

Analysis of Fair's objections establishes clearly that at least five of the seven arguments therein articulated fail in their entirety to address any matter material to my Opinion and Order of September 30, 2008, and that the remaining two arguments fail to allege the existence of newly discovered material evidence, to report any intervening change in controlling law, or to suggest either that the Opinion and Order was premised on legal error or was unjust in any respect.

///

///

///

///

///

///

Because Fair's objections provide no convincing reason for reversal of my prior decision, the construed motion for reconsideration is denied.

## CONCLUSION

For the foregoing reasons, Fair's motion (#143) is denied.

Dated this 6th day of January, 2009.

*Paul Papak*
Honorable Paul Papak
United States Magistrate Judge