FILED

FEB 1 9 2009

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

UNITED STATES OF AMERICA,
        Plaintiff,

                                    CV 06-1832-PK

                                    FINDINGS AND
v.                                    RECOMMENDATION


STEPHEN GEORGE MILJUS; EILEEN
JANE MILJUS; JOHN BRUNKO MILJUS;
THE ORGANIC ASSEMBLY OF
THE REMNANT IN YAHSHUA;
STEVEN GEORGE FAIR;

                Defendants.
_____

PAPAK, Magistrate Judge:

      This action was filed in December 2006 by the United States against defendants Stephen

George Miljus ("Stephen"), Eileen Jane Miljus ("Eileen"), John Brunko Miljus ("John" and,

collectively with Stephen and Eileen, the "Miljus defendants"), The Organic Assembly of the

Remnant in Yahshua (the "Assembly in Yahshua"), and The Organic Assembly in Jah (the

Page 1 - FINDINGS AND RECOMMENDATION

"Assembly in Jah") to foreclose federal tax liens on a property allegedly owned at least in part by some or all of the then-named defendants. In April 2007, the United States added Steven George Fair, the principal of the Assembly in Yashua, as an additional defendant. Subsequently, in January 2008, default judgment was entered against the Assembly of Jah and it was terminated as a defendant in this action. This court has jurisdiction over this action pursuant to 26 U.S.C. § 7402 and 28 U.S.C. §§ 1340, 1345, and 1367.

Now before the court is Fair's motion (#152), styled as a "Motion for Declaratory Judgment / Summary Judgment." I have considered the motions and all of the pleadings on file. For the reasons set forth below, the court should exercise its inherent power to control its own docket to strike Fair's motion *sua sponte* from the record.

<h2 style="text-align:center">LEGAL STANDARD</h2>

It is well established that the district courts enjoy an inherent power to manage and control their own dockets. *See, e.g., Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936) (affirming "the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants"). It is clear that this inherent power includes the authority to sanction procedural impropriety in an appropriate manner. *See, e.g., Chambers v. NASCO, Inc.*, 501 U.S. 32, 44-45 (1991) (noting that "[a] primary aspect" of the courts' inherent power "is the ability to fashion an appropriate sanction for conduct which abuses the judicial process;" holding that because "outright dismissal of a lawsuit . . . is within the court's discretion," in consequence less severe sanctions are "undoubtedly within a court's inherent power as well"); *Atchison, T. & S.F. Ry. v. Hercules Inc.*, 146 F.3d 1071, 1074 (9th Cir. 1998) ("well established that district courts have inherent power to control their dockets and may

Page 2 - FINDINGS AND RECOMMENDATION

impose sanctions, including dismissal, in the exercise of that discretion") (citations, internal

quotation marks omitted); *see also Lamos v. Astrue*, 2008 U.S. App. LEXIS 9143 (9th Cir. 2008)

(unpublished disposition) (affirming inherent power of the courts to strike documents other than

pleadings from the docket); *Centillium Communs., Inc. v. Atl. Mut. Ins. Co.*, Case No. 06-07824,

2008 U.S. Dist. LEXIS 20719 (D. Cal. March 17, 2008) (striking a procedurally improper motion

pursuant to the court's inherent power).

## FACTS

The Miljus defendants and Fair all reside in Clackamas County, Oregon. Specifically, the

Miljus defendants reside at 11985 SE Lusted Road, and Fair resides nearby at 12055 SE Lusted,

which made a single parcel with 11985 SE Lusted before Clackamas County approved the

separation of the two lots in 1998.

On October 9, 1997, before the division of 11985 SE Lusted from 12055 SE Lusted, the

IRS attached a lien to the property at 12055 SE Lusted. Subsequently, on December 4, 1998,

Clackamas County approved the separation of the two lots. On December 31, 1998, Fair

purchased the title to 12055 SE Lusted by non-statutory deed from John, who acted as the

principal of the Assembly in Jah, which at that time may have been the titular owner of the

property.

Fair alleges that he subsequently contracted with Eileen, who acted as the principal of the

Westside Water Company ("Westside"), to supply 12055 SE Lusted with water. In 2003,

Westside apparently ceased providing water to 12055 SE Lusted after Fair and Eileen had a

dispute. It appears that Westside has never since resumed the supply of water to 12055 SE

Lusted.

This action was filed against the Miljus defendants, the Assembly in Jah, and the Assembly in Yashua in December 2006. Fair was added as a defendant in April 2007. Shortly thereafter, in May 2007, Fair filed documents purporting to constitute crossclaims (#24, 26) against the Miljus defendants and the Assembly in Jah, as well as a document purporting to constitute a counterclaim (#25) against the United States. The documents containing Fair's purported crossclaims purported to include separate motions to attach real property, and the document containing the purported counterclaim included text styled as a motion for partial summary judgment against the United States; the three motions of May 2007 were subsequently dismissed by minute order (#89) for failure to comply with the requirements of Local Rule 7.1, including the certification requirement of Local Rule 7.1(a), the separate pleading requirement of Local Rule 7.1(b), and the separate supporting memorandum requirement of Local Rule 7.1(c). The purported crossclaims and counterclaim themselves were neither dismissed nor stricken at that time. In May 2008, Fair filed new documents purporting to constitute a crossclaim against the Miljus defendants (#94)[1] and a crossclaim (#99) and counterclaim (#101) against the United States.

On July 18, 2008, this court issued a Findings and Recommendation (#120), or "F&R," recommending that each of the purported crossclaims and counterclaims filed at Docket Nos. 24, 25, 26, 94, 99, and 101 be stricken from the docket as procedural nonentities that did not validly assert claims against any party to this action and as to which no judgment could properly be entered. The F&R made clear that Fair had not properly stated any crossclaims or counterclaims

---

[1] The May 2008 crossclaim document additionally purported to state a claim against the Assembly in Jah, whose participation in this action had terminated in January 2008.

in this action. Moreover, the F&R recited in full all of the procedural requirements for doing so,
including the requirements of Local Rule 15.1 and Federal Civil Procedure Rule 8(b), in the
event Fair elected to attempt to state a claim against the United States or the Miljus defendants.
On August 11, 2008, Judge Haggerty adopted the F&R, and ordered that the documents filed at
Docket Nos. 24 , 25 , 26 , 94 , 99, and 101 be stricken from the record.

## ANALYSIS

Fair's motion is styled as a "Motion for Declaratory Judgment / Summary Judgment."
However, although it is clear from the text of the motion that it relates to the allegations set forth
in the stricken documents filed at Docket Nos. 24 , 25 , 26 , 94 , 99, and 101 rather than to the
pending claims of the United States, at this time Fair has no pending claims, whether for
declaratory relief or otherwise. His purportedly dispositive motion is therefore necessarily fatally
defective, in that there are no claims as to which the requested judgment may be entered.

Moreover, in direct contravention of this court's repeated, detailed instructions, Fair has
failed once again to comply with the separate legal memorandum requirement of Local Rule
7.1(b) and the conferral requirement of Local Rule 7.1(a). To the extent that Fair's motion may
be cognizable as a motion for summary judgment, it is also procedurally defective in that it fails
to comply with Federal Civil Procedure Rule 56, which requires both a separate legal
memorandum and a separate concise statement of material facts.

Finally, analysis of Fair's motion reveals that it is premised on an argument *de lege
ferenda* already rejected by this court in no uncertain terms, namely, the argument that Fair could
hold an allodial interest in the property at 12055 SE Lusted. It is already the law of this case that
Fair lacks allodial title to the property. *See* Docket Nos. 61, 69.

Page 5 - FINDINGS AND RECOMMENDATION

Because Fair has no claims for relief pending in this action, and because his motion is otherwise procedurally improper -- including procedural improprieties already brought painstakingly to Fair's attention -- the court should exercise its inherent power to manage its docket and strike Fair's motion.

## CONCLUSION

For the foregoing reasons, Fair's motion (#152) should be stricken from the court's docket.

## SCHEDULING ORDER

The above Findings and Recommendation will be referred to a United States District Judge for review.  Objections, if any, are due March 5, 2009.  If no objections are filed, review of the Findings and Recommendation will go under advisement on that date.  If objections are filed, a response to the objections is due fourteen days after the date the objections are filed and the review of the Findings and Recommendation will go under advisement on that date.

Dated this 19th day of February, 2009.

Honorable Paul Papak
United States Magistrate Judge