FILED

MAR 0 2 2009

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

UNITED STATES OF AMERICA,
         Plaintiff,

                                         CV 06-1832-PK

                                         FINDINGS AND
v.                                     RECOMMENDATION

STEPHEN GEORGE MILJUS; EILEEN
JANE MILJUS; JOHN BRUNKO MILJUS;
THE ORGANIC ASSEMBLY OF
THE REMNANT IN YAHSHUA;
STEVEN GEORGE FAIR;

         Defendants.
_____

PAPAK, Magistrate Judge:

      This action was filed in December 2006 by the United States against defendants Stephen

George Miljus ("Stephen"), Eileen Jane Miljus ("Eileen"), John Brunko Miljus ("John" and,

collectively with Stephen and Eileen, the "Miljus defendants"), The Organic Assembly of the

Remnant in Yahshua (the "Assembly in Yahshua"), and The Organic Assembly in Jah (the

Page 1 - FINDINGS AND RECOMMENDATION

"Assembly in Jah") to foreclose federal tax liens on a property allegedly owned at least in part by some or all of the then-named defendants. In April 2007, the United States added Steven George Fair, the principal of the Assembly in Yashua, as an additional defendant. Subsequently, on January 9, 2008, default judgment was entered against the Assembly of Jah and it was terminated as a defendant in this action. On January 25, 2008, the Miljus defendants filed a pleading stating a counterclaim against the United States under 11 U.S.C. § 505(a). This court has jurisdiction over this action pursuant to 26 U.S.C. § 7402 and 28 U.S.C. §§ 1340, 1345, and 1367.

Now before the court are the United States' motion (#154) to dismiss its own claims with prejudice pursuant to Federal Civil Procedure Rule 41(a)(2) and the Miljus defendants' motion (#157) to dismiss their counterclaim and, in consequence, the entirety of this action pursuant to Rule 41(a)(2) and 41(c). I have considered the motions and all of the pleadings on file. For the reasons set forth below, both motions should be granted, and this action should be dismissed with prejudice in its entirety.

## LEGAL STANDARD

Federal Civil Procedure Rule 41(a)(2) provides, in relevant part, that:

> an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper. If a defendant has pleaded a counterclaim before being served with the plaintiff's motion to dismiss, the action may be dismissed over the defendant's objection only if the counterclaim can remain pending for independent adjudication. Unless the order states otherwise, a dismissal under this paragraph (2) is without prejudice.

Fed. R. Civ. P. 41(a)(2). "The Ninth Circuit has long held that the decision to grant a voluntary dismissal under Rule 41(a)(2) is addressed to the sound discretion of the District Court. . . ." *Hamilton v. Firestone Tire & Rubber Co.*, 679 F.2d 143, 145 (9th Cir. 1982), *citing Sams v.*

*Beech Aircraft Corp.*, 625 F.2d 273, 277 (9th Cir. 1980) and *Blue Mountain Construction Corp. v. Werner*, 270 F.2d 305, 306 (9th Cir. 1959).

"In ruling on a motion for voluntary dismissal, the District Court must consider whether the defendant will suffer some plain legal prejudice as a result of the dismissal." *Id., citing Hoffmann v. Alside, Inc.*, 596 F.2d 822, 823 (8th Cir. 1979) and *Durham v. Florida East Coast Railway Co.*, 385 F.2d 366, 368 (5th Cir. 1967); *see also Westlands Water Dist. v. United States*, 100 F.3d 94, 96 (9th Cir. 1996). "Plain legal prejudice. . . does not result simply when defendant faces the prospect of a second lawsuit or when plaintiff merely gains some tactical advantage." *Hamilton*, 679 F.2d at 145, *citing Durham*, 385 F.2d at 368.

The provisions of Rule 41(a)(2) are applicable to defendants seeking dismissal of their counterclaims against plaintiffs. *See* Rule 41(c).

## FACTS

The Miljus defendants and Fair all reside in Clackamas County, Oregon. Specifically, the Miljus defendants reside at 11985 SE Lusted Road, and Fair resides nearby at 12055 SE Lusted, which made a single parcel with 11985 SE Lusted before Clackamas County approved the separation of the two lots in 1998.

On October 9, 1997, before the division of 11985 SE Lusted from 12055 SE Lusted, the IRS attached a lien to the property at 12055 SE Lusted. Subsequently, on December 4, 1998, Clackamas County approved the separation of the two lots. On December 31, 1998, Fair purchased the title to 12055 SE Lusted by non-statutory deed from John, who acted as the principal of the Assembly in Jah, which at that time may have been the titular owner of the property.

Fair alleges that he subsequently contracted with Eileen, who acted as the principal of the Westside Water Company ("Westside"), to supply 12055 SE Lusted with water. In 2003, Westside apparently ceased providing water to 12055 SE Lusted after Fair and Eileen had a dispute. It appears that Westside has never since resumed the supply of water to 12055 SE Lusted.

This action was filed against the Miljus defendants, the Assembly in Jah, and the Assembly in Yashua in December 2006. Fair was added as a defendant in April 2007. Shortly thereafter, in May 2007, Fair filed documents purporting to constitute crossclaims (#24, 26) against the Miljus defendants and the Assembly in Jah, as well as a document purporting to constitute a counterclaim (#25) against the United States. The documents containing Fair's purported crossclaims purported to include separate motions to attach real property, and the document containing the purported counterclaim included text styled as a motion for partial summary judgment against the United States; the three motions of May 2007 were subsequently dismissed by minute order (#89) for failure to comply with the requirements of Local Rule 7.1, including the certification requirement of Local Rule 7.1(a), the separate pleading requirement of Local Rule 7.1(b), and the separate supporting memorandum requirement of Local Rule 7.1(c). The purported crossclaims and counterclaim themselves were neither dismissed nor stricken at that time. In May 2008, Fair filed new documents purporting to constitute a crossclaim against the Miljus defendants (#94)[1] and a crossclaim (#99) and counterclaim (#101) against the United States.

---

[1] The May 2008 crossclaim document additionally purported to state a claim against the Assembly in Jah, whose participation in this action had terminated in January 2008.

Page 4 - FINDINGS AND RECOMMENDATION

On January 25, 2008, the Miljus defendants filed a pleading stating a counterclaim against the United States under 11 U.S.C. § 505(a).

On July 18, 2008, this court issued a Findings and Recommendation (#120), or "F&R," recommending that each of the purported crossclaims and counterclaims filed at Docket Nos. 24, 25, 26, 94, 99, and 101 be stricken from the docket as procedural nonentities that did not validly assert claims against any party to this action and as to which no judgment could properly be entered. The F&R made clear that Fair had not properly stated any crossclaims or counterclaims in this action. Moreover, the F&R recited in full all of the procedural requirements for doing so, including the requirements of Local Rule 15.1 and Federal Civil Procedure Rule 8(b), in the event Fair elected to attempt to state a claim against the United States or the Miljus defendants. On August 11, 2008, Judge Haggerty adopted the F&R, and ordered that the documents filed at Docket Nos. 24 , 25 , 26 , 94 , 99, and 101 be stricken from the record. At no time since then has Fair attempted to amend his pleading to state a crossclaim or counterclaim.

In or around late January or early February 2009, the United States settled its dispute with the Miljus defendants. Subsequently, on February 3, 2009, the United States moved voluntarily to dismiss all of its claims in this action, including its claims to the extent alleged against Fair and/or the Assembly in Yashua, and to be dismissed as a party to this action. The Miljus defendants followed by moving to dismiss their counterclaim against the United States and, in the absence of any pending claims, crossclaims, or counterclaims, to dismiss the action in its entirety.

## ANALYSIS

### I.    Dismissal of the United States' Claims

Plaintiff United States, having settled its tax lien dispute with the Miljus defendants,
seeks voluntary dismissal of its claims pursuant to Federal Civil Procedure Rule 41(a)(2).
Although the Miljus defendants have pled a counterclaim against the United States, they do not
object to the dismissal of the United States' claims or, indeed, to the dismissal of the United
States as a party to this action. Although Fair appears to object to the United States' motion, he
has no pending counterclaim against the plaintiff. Moreover, no party will suffer plain legal
prejudice in consequence of the dismissal of the United States' claims, in that no party has any
remaining dispute with the United States of any material relevance to these proceedings.
Dismissal of the United States' claims is therefore proper under Rule 41(a)(2).

Ordinarily, dismissal under Rule 41(a)(2) is without prejudice. Here, the United States
requests that its claims be dismissed with prejudice. Because the United States reports the
settlement of its dispute regarding the Lusted Road property in its entirety, and because dismissal
of the United States' claims with prejudice will not adversely impact the interests of any party to
this action, its request should be honored. The United States' claims in this action should be
dismissed with prejudice.

### II.    Dismissal of the Miljus Defendants' Claims

The dispute between the Miljus defendants and the United States being settled, and the
United States having requested dismissal of its claims in this action, the Miljus defendants seek
voluntary dismissal of their counterclaim against the United States pursuant to Federal Civil
Procedure Rule 41(a)(2) and 41(c). The United States does not object. No party will suffer plain

legal prejudice in consequence of the dismissal of the Miljus defendants counterclaim under 11

U.S.C. § 505(a), in that the dispute giving rise to the counterclaim has been resolved in its

entirety, and the United States' claims against the Miljus defendants should likewise be

dismissed.[2] Dismissal of the Miljus defendants' counterclaim is therefore proper under Rule

41(a)(2).

As noted above, dismissal under Rule 41(a)(2) is ordinarily without prejudice. However,

because the tax lien dispute between the United States and the Miljus defendants is reported

settled in its entirety and the United States has requested dismissal with prejudice of its own

claims in this action, and because the Miljus defendants' counterclaim relates strictly and solely

to the United States' claims arising out of the parties' now-settled dispute, it is appropriate to

dismiss the Miljus defendants' Section 505(a) counterclaim with prejudice.

## III.    Dismissal of this Action in its Entirety

Following the contemplated dismissal of the United States' claims and the Miljus

defendants' counterclaim, no party will have any claims, counterclaims, or crossclaims pending

in this action. However, Fair has, on repeated occasions, attempted to state both counterclaims

against the United States and crossclaims against the Miljus defendants. Although Fair has not

responded to this court's invitation that he move – in compliance with applicable rules described

to him in detail – for leave to amend his pleading to state claims against the plaintiff and/or his

co-defendants, neither does the evidence in the record suggest that Fair intends to abandon all of

---

[2] As will be discussed in greater detail below, in consequence of the dismissal of both the United States' claims and the Miljus defendants' counterclaim, Fair could lose the opportunity to pursue state law crossclaims against the Miljus defendants in a federal forum. However, as a matter of law, being required to litigate state law claims in a state forum does not constitute plain legal prejudice. *See, e.g., Smith v. Lenches*, 263 F.3d 972, 976 (9th Cir. 2001).

his purported claims.

The fact that Fair may intend at some point to state claims against one or more party to this action does not modify the conclusion that, because all pending claims should be dismissed with prejudice, the action itself should likewise be dismissed with prejudice in its entirety. Although it is difficult to determine the precise nature of Fair's purported claims from the documents he has submitted to the court, it is clear from his communications with the Miljus defendants' counsel, attached as Exhibits B, C, E, and G to the Declaration of Heather Harriman Vogl submitted in support of the Miljus defendant' Rule 41 motion to dismiss, Docket No. 162, that the claims he hopes or intends to pursue are state law claims to quiet title in the property at 12055 SE Lusted, to establish or enforce an easement, to vindicate contractual water rights, and/or for trespass. Because this court lacks diversity jurisdiction over this action, its jurisdiction, if any, over such state law claims, if any were pled, would necessarily be supplemental, pursuant to 28 U.S.C. § 1367.

Section 1367 provides, in relevant part, that:

The district courts may decline to exercise supplemental jurisdiction over a claim . . . if—

(1) the claim raises a novel or complex issue of State law,

(2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,

(3) the district court has dismissed all claims over which it has original jurisdiction, or

(4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. § 1367(c). Here, all claims over which this court has original, federal-question

Page 8 - FINDINGS AND RECOMMENDATION

jurisdiction should be dismissed, pursuant to the claimants' own motions. *See supra.* In

consequence, the court would have authority pursuant to Section 1367(c)(3) to decline to

exercise supplemental jurisdiction over the any remaining state-law claim, if any were pled.

However, as the Ninth Circuit has stated, "actually exercising discretion and deciding whether to

decline, or to retain, supplemental jurisdiction over state law claims when any factor in

subdivision (c) is implicated is a responsibility that district courts are duty-bound to take

seriously." *Acri v. Varian Assocs.*, 114 F.3d 999, 1001 (9th Cir. 1997) (*en banc*). After

determining that authority exists to decline supplemental jurisdiction under Section 1367(c), the

district courts of the Ninth Circuit are directed to consider whether the exercise of jurisdiction

would advance the values "of economy, convenience, fairness, and comity." *Id.* (citation

omitted).

     The Supreme Court has noted that "in the usual case in which all federal-law claims are

eliminated before trial, the balance of factors to be considered . . . -- judicial economy,

convenience, fairness, and comity -- will point toward declining to exercise jurisdiction over the

remaining state-law claims." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n. 7 (1988).

Here, Fair has not pled any claims in this action, but the claims that he appears to contemplate

pleading do not present circumstances that take it outside the norm. Requiring Fair to pursue

such claims in state court would not create multiple parallel proceedings, and thus would neither

impair judicial economy nor cause inconvenience or unfairness. Moreover, it is beyond dispute

that "[n]eedless decisions of state law should be avoided both as a matter of comity and to

promote justice between the parties, by procuring for them a surer-footed reading of applicable

law." *United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966) (footnote omitted). If Fair did

Page 9 - FINDINGS AND RECOMMENDATION

elect to plead his state-law claims, the court would properly decline to exercise supplemental

jurisdiction over them. *See* 28 U.S.C. § 1367(c)(3); *Acri*, 114 F.3d at 1001; *Cohill*, 484 U.S. at

350 n. 7.

The fact that Fair would be deprived of a federal forum for his state law claims, if any

were pled, and would be required to litigate them in state court, as a matter of law does not

constitute plain legal prejudice. *See Smith*, 263 F.3d at 976 (neither tactical disadvantage nor

being required to litigate state claims in state court constitutes legal prejudice). This action

should therefore be dismissed with prejudice in its entirety.

## CONCLUSION

For the foregoing reasons, the United States' motion (#154) to dismiss its own claims

with prejudice and the Miljus defendants' motion (#157) to dismiss their counterclaim should be

granted, the United States' claims should be dismissed, the Miljus defendants' counterclaim

should be dismissed, and this action should be dismissed in its entirety. All pending motions

should be denied as moot. A judgment should be prepared.

## SCHEDULING ORDER

The above Findings and Recommendation will be referred to a United States District

Judge for review. Objections, if any, are due March 16, 2009. If no objections are filed, review

of the Findings and Recommendation will go under advisement on that date. If objections are

/ / /

/ / /

/ / /

/ / /

Page 10 - FINDINGS AND RECOMMENDATION

filed, a response to the objections is due fourteen days after the date the objections are filed and

the review of the Findings and Recommendation will go under advisement on that date.


Dated this 2nd day of March, 2009.

Honorable Paul Papak
United States Magistrate Judge